MARY S. CHILDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84497. Promulgated May 14, 1937.

*Charles H. Buckley, Esq.,* and *George Link, Jr., Esq.,* for the petitioner.

*J. R. Johnston, Esq.,* for the respondent.

# 1126

ARUNDELL: The respondent determined a deficiency in petitioner's income tax for 1933 in the amount of $731.51. Two errors are alleged in the petition: First, the treatment as ordinary income of an item reported as capital gain, and, second, the disallowance of a deduction of $165 for accounting fees expended in the preparation of petitioner's income tax return. No evidence was offered as to the second issue and it was not argued by counsel. This issue must be decided for the respondent. *Charles Henry Mattlage*, 3 B. T. A. 242.

Under the first issue the evidence consists of a stipulation of facts as follows:

It is hereby stipulated and agreed that the plaintiff was the owner of certain shares of preferred stock of Standard Brands, Inc., owned and held by her for more than two years and that in the year 1933, the stock was called by the corporation pursuant to the provisions contained in the stock certificate at a profit to the petitioner in the sum of $1,837.50.

That the sole question involved is whether profit realized upon stock called by the corporation is a capital gain or an ordinary gain.

There is an apparent conflict in the decisions as to whether a gain on a "redemption" is to be treated as ordinary income or as capital gain. In *Robert R. Meyer*, 27 B. T. A. 44, and *Louis Rorimer*, 27 B. T. A. 871, we held that the gain on the redemption of preferred stock should be taxed as capital gain. In *John H. Watson, Jr.*, 27 B. T. A. 463, we held that the redemption of Liberty bonds at maturity was neither a sale nor an exchange and the loss incurred or gain realized in such a transaction was not a capital loss or a capital gain, thereby overruling the decision in *Henry P. Werner*, 15 B. T. A. 482. We applied the rule of the *Watson* case in *Arthur E. Braun, Trustee*, 29 B. T. A. 1161, to the gain on redemption of corporate bonds, and in *George A. Hellman*, 33 B. T. A. 901, to the gain on the surrender of insurance and annuity policies. In *William C. Rands*, 34 B. T. A. 1107, we applied the same rule to the gain derived from the redemption of both corporate debentures and preferred stock, holding that the gain should be treated as ordinary income. The opinion in the *Rands* case does not mention the earlier *Meyer* and *Rorimer* cases, which treat gain on stock redemption as a capital gain. This situation requires a further consideration of the question here presented.

It has been stipulated that the stock here involved had been owned and held by the petitioner for more than two years. Consequently, it was a capital asset within the definition of that term in section 101 (c) (8) of the Revenue Act of 1932. Under subsection (c) (1) and (2) of the same section, capital gain and loss are defined as being the taxable gain or the deductible loss, as the case may be, resulting

"from the sale or exchange of capital assets." Section 115 (c) of the same act provides that "amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment *in exchange* for the stock." Subsection (h) defines partial liquidation as follows:

(h) DEFINITION OF PARTIAL LIQUIDATION.—As used in this section the term "amounts distributed in partial liquidation" means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

Article 625 of Regulations 77 provides that a gain to the shareholder from a distribution in liquidation may at his option be taxed as a capital net gain. This provision of the regulations is in accord with cases wherein stockholders have reported as capital transactions the redemption of stock, and that method of reporting has been approved by this Board. See *Henry B. Babson*, 27 B. T. A. 859; affd., 70 Fed. (2d) 304; *James A. Connelly*, 30 B. T. A. 331. In *Edward S. Harkness*, 31 B. T. A. 1100, we directly held that gain on the complete liquidation was a capital gain. The effect of those cases is to treat redemptions of stock, whether they are partial or complete liquidations, as "payments in exchange for stock." This is the language of the statute, section 115 (c). And as the capital gain provision specifically deals with the proceeds of the "sale or exchange of capital assets", it seems to us that that treatment is sound. We accordingly hold that the opinion in *William C. Rands, supra*, is wrong in so far as it treats the gain on redemption of stock as ordinary income.

We think that there is a basic distinction between the redemption of bonds and the redemption of stock, based on the different characteristics of the two. A bond usually contains a definite promise to pay a named sum on or before a specified time. Payment in accordance with the specified terms is nothing more than the discharge of a contractual obligation to repay a sum loaned. In the case of stock, however, there is no obligation to pay any sum at any time. Quite often stock, especially preferred stock, contains a provision reserving to the issuing corporation the right to retire it, but that is nothing more than an option, and, when that option is exercised by payment of the price specified, the transaction is in every real sense a sale as fully as the exercise of an option on other personal property or on real property. Moreover, the statutory provision dealing with partial liquidation treats only of stock and does not include bonds. Sec. 115 (c), *supra*.

The taxing statute treats sales and exchanges alike in providing that gain may be realized or loss sustained on either. Secs. 111 and 112. The capital gain provisions likewise apply to sales and exchanges. Sec. 101 (c). Consequently, whether a redemption is

treated as a purchase by the corporation and a sale by the stockholder or as a "payment in exchange for the stock" as provided in the liquidation provision, the transaction comes within the literal provisions of the capital gain sections. We hold that petitioner properly treated the gain on redemption of her preferred stock as a capital gain.

Reviewed by the Board.

*Decision will be entered under Rule 50.*