### WHITE et al. v. UNITED STATES.

### WHITE v. SAME.
### Nos. 43001, 43002.

Court of Claims.
Dec. 6, 1937.

John P. Ohl, of New York City (Charles C. Parlin and Wright, Gordon, Zachry & Parlin, all of New York City, on the briefs), for plaintiffs.

Daniel F. Hickey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The two suits above entitled are each brought upon claims for refund. In case No. 43001, the recovery of $13,246,94 with interest is asked; in case No. 43002, $446.-06 with interest is sought to be recovered. In both cases the recovery is sought on the ground of alleged overpayments of income taxes. The suits are brought by the respective executors of Alexander M. White in No. 43001 and William A. White in No. 43002. Refund claims were duly filed by the testators. In No. 43001, the plaintiffs contend that the Commissioner of Internal Revenue erred in treating as a capital loss on the liquidation of preferred stock an item of $104,500, deducted as an ordinary and uncompensated loss in the income tax return for the year involved.

The same contention is made by the executor of William A. White in No. 43002 with regard to a loss of $22,500 sustained on the same liquidation of preferred stock and deducted as an ordinary loss by the Commissioner. The issue in both cases is whether the action of the Commissioner was correct.

The findings show that sometime prior to March 18, 1927, Alexander M. White (No. 43001) acquired for cash bonds of the Seabrook Company of the face value of $110,000. This corporation operated a large agricultural and horticultural project in New Jersey. In 1925, its name was changed to Del-Bay Farms, Inc., which will hereinafter be referred to as the old or New Jersey corporation.

March 18, 1927, William A. White (No. 43002) also acquired for cash bonds of the same issue in the amount of $50,-000 face value.

Alexander M. White, his family, relatives, and associates owned the entire issue of the corporation bonds and a majority of the voting stock of the New Jersey corporation.

The old corporation fell into financial difficulties which led to a plan for reorganization which involved the foreclosure of the bonds upon the property of the old corporation and the acquisition of its property by a new corporation through judicial proceedings. Acting in accordance with this plan, Alexander M. White, for the bondholders, purchased the properties of the old corporation at a judicial sale made subject to certain prior mortgages. The bonds were applied on the purchase price to the extent of approximately $763.-19 per $1,000, and stamped paid to that extent. The remainder of the purchase price was paid by Alexander M. White who assigned his bid to the newly incorporated Del-Bay Farms, Inc., organized in conformity to his plan, and by deed dated October 13, 1927, in which he was joined by all parties in interest, there was conveyed to the new Delaware corporation title to the properties bought in by him at the foreclosure sale.

In consideration of the receipt of the mortgaged assets, the new corporation issued preferred stock of which Alexander M. White received as his share of the distribution made to the former holders of mortgage bonds of the New Jersey corporation 1,100 shares. William A. White having deceased, his estate received from

the distribution mentioned 500 shares of the preferred stock of the Delaware corporation. There was no equity for or distribution to the stockholders of the old New Jersey corporation.

We need not set out in detail all of the proceedings which are shown by the findings. It is sufficient to say that the parties agree that the new Delaware company sold all of its assets and paid a liquidating dividend of $5 on each share of the preferred stock which thereupon became worthless, resulting in the loss on the bonds of the New Jersey corporation acquired by Alexander M. White in the sum of $104,500, and a similar loss on the bonds acquired by William A. White of $22,500.

The case turns on the construction of section 101, Revenue Act 1928 (26 U.S. C.A. § 101 note) and section 115 of the Revenue Act of 1928 (26 U.S.C.A. § 115 and note) as applied to capital gains and losses.

Subsections (a) and (b) of section 101, in determining the tax to be levied under (a) upon a capital net gain and under (b) in case of a capital net loss, provide that the tax shall be determined upon the capital net gain (or capital net loss) "as hereinafter defined in this section," and under "definitions" subdivision (c) (2) states that: "'Capital loss' means deductible loss resulting from the sale or exchange of capital assets."

It is argued on behalf of plaintiff in each of the cases now before us that there was no "sale or exchange of capital assets." In the ordinary sense of the terms, there was not, but section 115 provides with reference to distributions by corporations in subdivision (c): "(c) *Distributions in liquidation.* Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock." 45 Stat. 822 (26 U.S.C.A. § 115 note).

 We think the two sections should be considered together, and, when so construed, we find that the statute first defines a capital net loss as resulting from the sale or exchange of capital assets, and later provides that amounts distributed in complete or partial liquidation shall be treated as made in exchange for the stock. The provisions of section 115 make a liqui-

dating dividend have the same effect as a sale or exchange of property. This is the rule implied in Article 625 of Regulations 74 which plaintiffs contend is void but which under the view that we have stated above is valid. In this connection it will be noted that section 201 (c) of the Revenue Acts of 1924 and 1926 (43 Stat. 254; 44 Stat. 10) is identical with section 115 (c) of the Revenue Act of 1928 with respect to the matters now being considered. Congress would seem to have approved the Commissioner's interpretation of the provisions of the 1924 and 1926 acts by re-enacting them in the 1928 act.

 A number of cases have been cited by counsel for plaintiff in support of their contention that there was no sale or exchange in either of the instant cases. We think, however, that nothing contained therein has any application except in the case of William C. Rands v. Commissioner, 34 B.T.A. 1107, but the decision therein has been overruled by the case of Mary S. Childs v. Commissioner, 35 B.T.A. 1125. The case last cited supports the application of the statute as we have construed it.

What we have said above makes it unnecessary to consider the other objections made by plaintiff to the claim sued upon in No. 43002, and it follows that the petition in each of the cases under consideration must be dismissed. It is so ordered.