## CHESTER N. WEAVER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8572.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1938.

---

[6] Elsewhere in the ordinance, the term "street" is defined as "That part of the public highway intended for vehicles."

[7] Assignment 38.

[8] Palmiter v. Hackett, 95 Or. 12, 185 P. 1105, 186 P. 581; Woodard v. Bush, 282 Mo. 163, 220 S.W. 839.

[9] Assignments 2, 14, 28, 29, 33, 43–52, 55–59, 79.

STEPHENS, Circuit Judge, dissenting.

————◆——

Adolphus E. Graupner and Arthur E. Cooley, both of San Francisco, Cal., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Louise Foster, and M. Leo Looney, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Review is sought of a decision of the Board of Tax Appeals which sustained a determination of respondent that there was a deficiency in the income tax paid by petitioner for the year 1933.

Petitioner, a California corporation, on August 9, 1932, purchased from Jeff R. Townsend Company, Inc., a California corporation, hereinafter referred to as the Townsend Company, 1,000 shares of the latter's preferred stock, paying therefor $100 per share. The Townsend Company's articles of incorporation provided that, in the event of liquidation, its preferred stockholders would be entitled to receive a sum equal to 105 per cent of the par value of the preferred stock before any amount would be distributed to the holders of its common stock.

In 1933, the Townsend Company became financially involved and unable to continue its business. On September 17, 1933, in order to dissolve and liquidate, it sold all its assets for $26,280.50, which on the next day was distributed pro rata to its preferred stockholders, who at the same time surrendered their certificates for preferred stock. Petitioner received a liquidating dividend in the sum of $13,140.25.

In its income tax return for the year 1933, petitioner claimed a deduction of $86,859.75 as a loss on such preferred stock, being the difference between the amount paid by petitioner for the stock, and the amount of the liquidating distribution. Respondent disallowed the deduction because "the loss sustained in connection with the stock is held to be from an exchange of stock held less than two years" and petitioner "had no gain from sales or exchanges of assets held less than two years". Respondent relied on § 23 (r) of the Revenue Act of 1932 (47 Stat. 169, 26 U.S.C.A. § 23 note).

On petition to redetermine the deficiency the Board sustained respondent, holding that "this disposition of the stock, under the provisions of the statute considered above, was a sale or exchange and the deduction of the losses sustained is barred by the provisions of section 23 (r) (1)". Five members of the Board dissented. The instant petition to review the decision of the Board, entered pursuant to its holding, was then filed.

Section 21 of the act provides: " 'Net income' means the gross income computed

under section 22, less the deductions allowed by section 23." 26 U.S.C.A. § 21.

Section 22 provides in part:

"(a) 'Gross income' includes * * * income derived from * * * sales, or dealings in property * * *.

"(d) Distributions by corporations shall be taxable to the shareholders as provided in section 115." 26 U.S.C.A. § 22 (a, d).

Section 23 provides in part:

"In computing net income there shall be allowed as deductions: * * *

"(f) Subject to the limitations provided in subsection (r) of this section, in the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *" 26 U.S.C.A. § 23 (f).

"(r) (1) Losses from sales or exchanges of stocks and bonds * * * which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges * * *." 26 U.S.C.A. § 23 note.

Section 115 provides in part: "(c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112 * * *." 26 U.S.C.A. § 115 note.

■ We think that petitioner is entitled to deduction by virtue of §§ 22 (d), 115 (c) and § 112, 26 U.S.C.A. § 112. The amount received by petitioner was a liquidating dividend. Under § 22 (d); that dividend is taxable as provided in § 115 (c). Under the latter section, the gain or loss is to be computed under § 111, 26 U.S.C.A. § 111, but the amount arrived at by the computation shall be recognized to the extent provided in § 112. Under § 112, the entire amount of the loss must be recognized.

■ Petitioner contends that the deduction is authorized by § 23 (f), and argues that the limitation in § 23 (r) (1) is not applicable. Section 23 (f) is a general statute relating to losses, whereas §§ 22 (d), 115 (c) and 112 are special with respect to the particular situation. Where there are two statutes, one being a general statute, and the other being a specific statute, and both cover the same subject matter, the specific statute should control. Therefore, we think § 23 (f) should not be applied.

■ Respondent contends that § 23 (r) (1) prohibits the deduction. It is asserted, as the Board held, that in effect there was an exchange of the stock for money. Petitioner argues as the dissenting opinion of the Board members points out, that the legislative history of § 23 (r) (1) was not intended to apply to such a situation as is present here. We think § 23 (r) (1) is not applicable.

First. Section 23 (r) (1) is broader and includes more transactions than §§ 22 (d), and 115 (c) and 112. As compared with those sections, it again is general. The specific statute should control rather than the general statute.

Second. By its terms § 23 (r) (1) applies only to "sales or exchanges". We think the liquidating dividend here is neither, within the ordinary and accepted meaning of those terms. A "sale or exchange" implies, we think, that each party to the transaction shall obtain something. We do not believe that the Townsend Company received anything. There is no inconsistency with the application of § 115 (c), because it does not say a liquidating distribution is an "exchange", but says it "shall be treated" as such for the purpose of applying §§ 111 and 112. It does not say that a liquidating distribution shall be treated as an "exchange" for the purpose of § 23 (r) (1).

Third. Had there been no liquidating dividend on the stock, petitioner could have deducted the entire loss. Reg. 77, Art. 174. (Same rule applies to bonds. Art. 194.) The rule announced by the Board leads to the conclusion that a holder of $100,000 of stock who gets a liquidating dividend of ten cents, cannot deduct his $99,999.90 loss. Such construction should be avoided, we think, on the authority of United States v. Katz, 271 U.S. 354, 357, 46 S.Ct. 513, 514, 70 L.Ed. 986, where it is said: "All laws are to be given a sensible construction; and a literal application of a statute, which would lead to absurd consequences, should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose. * * *"

Fourth. The most that can be said for respondent is that it is doubtful whether

§§ 22 (d), 115 (c) and 112, on the one hand, or § 23 (r) (1) on the other hand is applicable. The rule announced in Gould v. Gould, 245 U.S. 151, 152, 153, 38 S.Ct. 53, 62 L.Ed. 211, is applicable, we think, and is: "In case of doubt they [taxing statutes] are construed most strongly against the government, and in favor of the citizen." Therefore, § 23 (r) (1) should be construed as not applicable to petitioner.

We believe it is unimportant whether the "deduction may be taken in the form of a minor or negative item of gross income", as mentioned by the Board, or whether it is taken as an outright deduction.

Decision reversed.

STEPHENS, Circuit Judge (dissenting).

The Chester N. Weaver Company, the petitioner here, is a California corporation. Consolidated on review and dependent on the decision of this court upon this petition are petitions for review brought by Chester N. Weaver and Elsie S. Weaver.

On December 2, 1931, Mr. and Mrs. Weaver purchased 500 shares each of the six per cent cumulative preferred stock of the Jeff R. Townsend Company, hereinafter referred to as the Townsend Company, paying therefor $500 per share. On August 9, 1932, the Weaver Company acquired from the same corporation 1,000 shares of its preferred stock at the same price per share. The 2,000 shares of preferred stock so purchased constituted all of the preferred stock of the Townsend Company. The common stock belonged to other interests. The articles of incorporation provided that in the event of liquidation the holders of preferred stock should be entitled to receive therefor a sum equal to 105 per cent of the par value thereof before any amount should be distributed to the holders of the common stock.

Early in 1933 the Townsend Company became financially involved and unable to continue business. Its stockholders took the necessary steps to effect its dissolution and liquidation. On or about September 17, 1933, it sold all of its assets to the Weaver Company for $26,780.50. On September 18, 1933, the two Weavers and the Weaver Company, holders of all of the preferred stock of the Townsend Company, surrendered their stock certificates for cancellation and for the purpose of completing liquidation and effecting dissolution of that company. The $26,280.50 received for its assets was distributed in liquidation to the preferred stockholders pro rata. The Weaver Company received $13,140.25; Chester N. Weaver, $6,560.13, and Elsie S. Weaver, $6,570.12.

In their income tax returns for 1933 each of the stockholders deducted as a loss the difference between the amount paid for the preferred stock so surrendered and the amount received in liquidation, and, in determining the deficiencies herein, the Commissioner disallowed the deductions so claimed.

The Board of Tax Appeals held that the deductions were barred by Section 23 (r) (1) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. § 23 note, and approved the Commissioner's determination. Accordingly it decided that the deficiency due from the Weaver Company amounted to $4,323.48; that from Chester N. Weaver, $8,832.43; and that from Elsie S. Weaver, $2,447.84.

Section 23 (r) (1) provides as follows: "Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations)."

Since it is not claimed by the petitioner that the surrendered stock was a capital asset or that it has non-capital gains which might offset the loss here claimed, the only question presented is whether the petitioner's act of surrendering its stock in the Townsend Company and that company's act of paying the petitioner $13,140.25 for the stock which was in complete liquidation of the company, constituted a sale or exchange of stock within the meaning of Section 23 (r) (1). If it did, the decision of the Board disallowing the claimed deduction was proper.

In order to decide the question before us it seems advisable to relate section 23 (r) to other applicable sections in the framework of the Revenue Act. Sections 11, 12 and 13 of the Revenue Act of 1932, 26 U.S.C.A. §§ 11 note, 12 note, 13, provide for a yearly tax upon the net income of every individual and every corporation. Section 21, 26 U.S.C.A. § 21 provides that: " ' Net income' means the gross in-

come computed under section 22, less the deductions allowed by section 23."

It is evident, then, that in claiming the right to take a deduction it is necessary to show that it is authorized by section 23. New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348.

Among other allowable deductions enumerated in section 23 is that set out in subsection (f), 26 U.S.C.A. § 23 (f): *"Losses by Corporations.* Subject to the limitations provided in subsection (r) of this section, in the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."

It is under authority of this last-quoted subsection that petitioner claims the right to deduct the difference between the amount paid for the Townsend Company stock and the amount distributed to it as a stockholder on liquidation of that corporation.[1]

It is to be noted that section 23 (f) **is** self-limited by section 23 (r) [which has been quoted above]. The general effect of the two subsections when taken together is that a corporation may deduct all losses it sustains, provided, however, that if a loss results from a sale or exchange of stocks or bonds it may be deducted only to the extent that the corporation has gained from such sales or exchanges.

Petitioner's position is that it suffered a loss on the liquidation of the Townsend Company and that this loss did not result from a sale or exchange of stocks or bonds, and that consequently the whole amount thereof is deductible. One branch of petitioner's argument is founded on quotations from Congressional committee reports. It is asserted that these reports show that Congress did not intend to make liquidation distributions subject to the limitations of section 23 (r). We do not think it is proper to resort to such sources since, as will be seen, the Act itself provides the solution to the problem without extraneous aid. Moreover, the reports relied on afford, at best, merely negative evidence of the Congressional intent. The fact that the reporting committees have nowhere specifically stated that distributions on liquidation were to be treated as exchanges within the meaning of section 23 (r) is not persuasive that they intended to exclude such transactions from the operation of that section.

A second argument advanced by the taxpayer is that section 22, 26 U.S.C.A. § 22, makes it clear that there is a distinction between a sale or exchange on one hand and a distribution in liquidation on the other. It is pointed out that subsection (d) of section 22 provides that: "Distributions by corporations shall be taxable to the shareholders as provided in section 115," while in the next subsection (e), 26 U.S.C.A. § 22 note, it is provided that: "In the case of a sale or other disposition of property, the gain or loss shall be computed as provided in sections 111, 112, and 113."

It is urged that the differentiation thus made in Section 22 between a corporate distribution and a "sale or other disposition of property" shows that a distribution on liquidation is not a "sale or exchange" within the meaning of section 23 (r). We do not find this argument persuasive—in fact the provisions thus called to our attention are in the last result influential toward a conclusion opposite to that suggested by petitioner. That such is their effect, we think, becomes clear when section 115 [to which section 22 (d) refers] is examined.

Section 115 [which is entitled "Distributions by Corporations" as is section 22 (d)] defines the term "dividend" in subsection (a); and in subsection (b) fixes the source of corporate distributions for the purposes of the Act. 26 U.S.C.A. § 115. Subsection (c) provides in pertinent part: "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112." 26 U.S.C.A. § 115 note.

We believe that the phrasing of this section shows an intent to settle for tax purposes the somewhat anomalous character of a liquidation distribution transaction as a sale or exchange of the stock for the amount distributed. We think this interpretation is borne out when, as directed

---

[1] Section 23 (e) which applies to individuals, has the same effect, insofar as we are here concerned, as has section 23(f) in the case of corporations.

by section 115 (c), reference is made to section 112, 26 U.S.C.A. § 112, for that section is concerned only with the recognition of gain or loss upon "the sale or exchange of property"—if a distribution in liquidation is not fixed as a "sale or exchange" by section 115 (c) the reference therein to section 112 would be without effect.

It is further significant to note that section 23 (r) first appeared in the Revenue Act of 1932. The Revenue Act of 1928[2] contained subsections (d) and (e) of section 22 and subsection (c) of section 115 in form identical with that in which they appear in the 1932 act. Thus it appears that when subsection (r) of section 23 was enacted, distributions in liquidation had previously been impressed with the character of payments on sale or exchange. The re-enactment without change of the sections characterizing liquidation distributions as exchanges, in the Act which first limited the deductibility of losses on stock sales or exchanges, is strongly indicative of the intention of Congress to include within the limitation provisions of section 23 (r) such liquidation transactions.

In addition to petitioner's contentions so far discussed another argument, or an elaboration of that just disposed of, has been advanced. Ingenious though it may be we do not consider it sound. The elaboration is based upon the reference in section 22 (d) to section 115, which section in turn refers to sections 111 and 112, 26 U. S.C.A. §§ 111, 112. The substance of this supplemental argument is: under the reference in section 115 (c) only subsection (c) of section 111 is applicable since that subsection alone deals with "exchanges", with which character section 115 (c) endows distributions in liquidation; that section 111 (c) refers to section 112 for the recognition of loss in the case of an "exchange"; and that section 112 (a) [the only portion of section 112 which is applicable] provides that upon an "exchange" the entire amount of the gain or loss is to be recognized. It is not clear whether petitioner advances the foregoing argument only to bolster the contention that the Revenue Act clearly recognizes a distinction between a "distribution in liquidation" and an "exchange" or whether petitioner is claiming that losses resulting to stockhold-

ers from corporate liquidations are to be given effect through section 22 (d) without regard to the provisions of section 23. The latter interpretation was given the argument by the Board.

Since, as we see it, the statutory analysis upon which the argument proceeds is faulty, it can be given no weight wherever it is intended to lead.

Section 111 (c), claimed to be the sole provision of section 111 applicable under reference from section 115 (c), does not fix the mode of determination of gain or loss [for which purpose section 115 (c) refers to section 111] but merely refers to section 112 for the provisions governing recognition of the loss determined under other of its own provisions. Unless then we assume that the law-making body performed a useless act when it enacted in section 115 (c) a reference to section 111, we are bound to give application to other portions of section 111 than subsection (c) thereof, for section 115 (c) itself refers to section 112 for recognition of loss. Again, if petitioner's argument were to be accepted the result would be that though section 115 (c) distinguishes between "determination" and "recognition" of gain or loss by reference to sections 111 and 112 respectively, the net effect of the references would be the "recognition" of a gain or loss nowhere "determined". Moreover, when section 111 is read as a whole, the expression "sale or other disposition of property" used in subsections (a) and (b) thereof is seen to have been intended to cover an "exchange," for subsection (c) thereof refers to section 112 only in those instances in which there has been a determination "under this section [section 111]" of the extent of gain or loss on "a sale or exchange." There could be no determination of loss on an "exchange" under section 111 unless the phrase "other disposition of property" contained in that section is inclusive of "exchange."

Moreover, if losses on liquidation distributions are to be governed by the provisions of sections 22 (d), 115 (c), 111 and 112 without regard to section 23, logic would lead to the conclusion that section 23 (r) is in no case to be given any effect. This is true because both in the case of a "distribution by a corporation" [22 (d)] and in the case of a "sale or other

---

[2] May 29, 1928, c. 852, §§ 22, 115, 45 Stat. 797, 822, 26 U.S.C.A. §§ 22 and note, 115 and note. Substantially iden-

tical provisions were also included in the Revenue Acts of 1918, 1924 and 1926.

disposition of property" [22(e)] the ultimate reference is to section 111 for "Determination," and to section 112 for "Recognition" of gain or loss. If the provision of section 112 to the effect that the entire amount of gain or loss (determined under section 111) shall be "recognized" means in the case of liquidation that such loss may be deducted independent of the provisions of section 23, the same result must follow in the case of a sale of stock. And if it does follow, then section 23 (r) can be given no effect or operation. By the same token the references made in subsections (e) and (f) of section 23 to "the limitations provided in subsection (r)" would be purposeless, for the transactions limited by "subsection (r)" do not, under this view, come within the purview of section 23 (e) or (f).

I conclude that the separate provision in section 22 as to distributions by corporations on one hand and sales or other dispositions of property on the other hand does not make a distinction between a distribution in liquidation and a sale or exchange such as to prevent the application of section 23 (r). On the contrary the ultimate effect of these provisions is to make it clear that such transactions are "exchanges" within the meaning of section 23 (r) and therefore subject to the limitations therein provided. The rule is long-established that the intention of the lawmaker is to be deduced from a view of every material part of a statute. Hellmich v. Hellman, 276 U.S. 233, 237, 48 S. Ct. 244, 245, 72 L.Ed. 544, 56 A.L.R. 379. Congress having classified a transaction involving a distribution in liquidation as an exchange, such classification requires it to be treated as coming within any provisions pertaining to exchanges.

It has previously been held that the provision of section 115 (c) that amounts distributed in liquidation "shall be treated as in full payment in exchange for the stock" characterizes such transactions as "exchanges" for income tax purposes. In White v. U. S., Ct.Cl., 1937, 21 F.Supp. 361, it was held that an amount received by a holder of preferred shares on partial liquidation of a corporation was properly treated as a "capital" rather than an "ordinary" loss, the court stating (page 366) that the provisions of section 115 (c) "make a liquidating dividend have the same effect as a

sale or exchange of property" and that consequently the distribution in question was a "deductible loss resulting from the sale or exchange of capital assets" within the meaning of section 101 (c), (2), 26 U.S.C.A. § 101 note. See, also, Echols v. Commissioner, 8 Cir., 1932, 61 F.2d 191; Childs v. Commissioner, 1937, 35 B.T.A. 1125; Reg. 77, Art. 625.

The argument that section 23 (r) is not here applicable because it is broader and includes more transactions than sections 22 (d), 115 (c) and 112 and consequently should not control the last named sections, has validity only if the so-called "specific" statutes are in conflict with the so-called "broader" statutes. The statutes are not in conflict unless it is thought that sections 22 (d), 115 (c) and 112 in and of themselves allow a loss deduction by way of a minus item of gross income. I have above suggested my reasons for thinking that they do not.

While it is true that the general rule is that acts levying taxes are, in case of doubt, to be construed in favor of the citizen, in my opinion the more specific rule applicable here is that deductions, like exemptions, are privileges, and a person claiming a deduction must point to an applicable statute and show that he comes within its terms. New Colonial Ice Co. v. Helvering, 292 U. S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, and cases cited; see also, Paul & Mertons, Law of Federal Income Taxation, Vol. I, § 330 (1937 Cum.Supp.).

The suggestion that in a stated hypothetical case a harsh result will follow from the conclusion that a distribution in liquidation is an exchange within the intendment of section 23 (r) is, I think, answered by the following quotation from Helvering v. Twin Bell Syndicate, 293 U.S. 312, 321, 55 S.Ct. 174, 178, 79 L.Ed. 383. "The respondent insists that, so applied, the section may work unjust and unequal results; but it is to be remarked that this is likely to be so wherever a rule of thumb is applied without a detailed examination of the facts affecting each taxpayer. No doubt, as the petitioner points out, equally illogical results might ensue the application of the section as the respondent construes it." See, also, Echols v. Commissioner, supra.

I am of the opinion that the decision should be affirmed.