## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* CHESTER N. WEAVER CO.

No. 304.   Argued November 17, 1938.—Decided December 5, 1938.

*Mr. Edward J. Ennis,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. J. Louis Monarch* and *A. F. Prescott* were on the brief, for petitioner.

*Mr. Adolphus E. Graupner,* with whom *Mr. Arthur E. Cooley* was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The question to be decided is whether payments received by a corporation as a stockholder in another corporation, upon the latter's complete liquidation, are to be treated as payments upon a sale or exchange of the stock under § 23 (r) (1) of the Revenue Act of 1932, 47 Stat. 169, which allows the deduction of losses from sales or exchanges of stock, not held for more than two years, only to the extent of the gains from such sales or exchanges.

On August 9, 1932, respondent, a California corporation, purchased shares of stock in another corporation. In the following year the latter was completely liquidated. The liquidating dividends received by respondent amounted to less than the cost of the stock. In its income tax return for 1933 respondent deducted the full amount of the loss from gross income. The commissioner ruled that, since the loss was sustained upon an exchange of stock held less than two years and the respondent had received no gains against which the loss could be applied, the deduction was forbidden by § 23 (r) (1), and he found a deficiency accordingly. The order of the Board of Tax Appeals sustaining the deficiency was reversed by the Court of Appeals for the Ninth Circuit, 97 F. 2d 31. We granted certiorari, October 10, 1938, to resolve the conflict between the decision of the court below and that of the Court of Claims in *White* v. *United States,* 86 Ct. Cls. 125; 21 F. Supp. 361, this day affirmed on certiorari, *ante,* p. 281.

Section 23 (f) provides that losses sustained by corporations during the taxable year shall be allowed as deductions in computing net income, subject to the limi-

tations provided in sub-section (r). Sub-section (r) (1) declares:.

"Losses from sales or exchanges of stocks and bonds . . . which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges..." By § 101 " 'Capital assets' means property held by the taxpayer for more than two years . . ."

Since the loss sustained by respondent was not from the sale or exchange of the stock, it is contended that sub-section (r) has no application and that the loss is deductible in full, as are other losses, under § 23 (f). Whether § 23 (f) or 23 (r) applies must be answered by deciding whether, under § 115 (c), stockholders' losses upon a corporate liquidation are to be treated, for purposes of computation of the tax, in the same manner as losses upon a sale or exchange of the stock.

The scheme of the 1932 Act, as respects the treatment of gains and losses upon the sale or exchange of property on a different basis from other types of gain or loss, is substantially that of the 1928 Act, which we have considered in *White* v. *United States, supra*. The provisions of §§ 12 (c), 22 (d), (e), 23, 101, 111, 112, 113 and 115 (c) of the 1928 Act, discussed in the *White* case, so far as now relevant were reënacted in the same numbered sections of the 1932 Act. The considerations which in that case led us to the conclusion that § 115 (c) of the 1928 Act had placed stockholders' gains and losses from liquidations on the same basis as gains and losses from sales of the stock for purposes of computation of the tax, lead us to the same conclusion with respect to the 1932 Act.

We find nothing in the language or history of § 23 (r) to suggest that Congress, in enacting it, had any purpose

to restrict the operation of § 115 (c) as we have construed it. Section 23 (r), like § 101 in the 1932 and earlier Acts, speaks of losses resulting only from sales or exchanges. But the one does not more than the other restrict the operation of the provisions of §§ 115 and 112, which accord to losses on liquidation the same recognition accorded by § 23 (r) to losses upon sales. Congress, in enacting the 1934 Act, recognized that under that of 1932 ". . . a distribution in liquidation of a corporation is treated in the same manner as a sale of stock." Report of Senate Committee on Finance, No. 558, 73rd Cong., 2nd Sess., p. 37. To prevent avoidance of surtax through liquidation of corporations with large surpluses, Congress found it necessary to place gains on liquidations on a different basis from gains on sales. It accomplished this by amending § 115 (c) to provide: "Despite the provisions of section 117 (a) [corresponding to § 101 in the earlier Acts specially taxing capital gains and losses] 100 per centum of the gain so recognized shall be taken into account in computing net income." 48 Stat. 711.

It follows that the extent to which the taxpayer can deduct the loss is controlled by § 23 (r) (1), and that since the stock was held for less than two years and there were no gains against which the loss could be offset, it can not be deducted from gross income.

*Reversed.*

MR. JUSTICE McREYNOLDS, MR. JUSTICE BUTLER and MR. JUSTICE ROBERTS dissent.