INTER-STATE GROCERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88729. Promulgated January 24, 1939.

*George B. Lang, Esq.*, and *Milo A. Lang, Esq.*, for the petitioner.
*James C. Maddox, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding involves a deficiency of $1,502.46 in petitioner's income tax for 1934. The only question in issue is

---

whether a loss which the petitioner sustained in 1934 on the liquidation of a subsidiary company is deductible in full, as petitioner contends, or whether it is subject to the limitation on the deduction of capital losses provided for in section 117 (d) of the Revenue Act of 1934, as respondent has determined.

There is no dispute as to the facts. The petitioner is a Missouri corporation engaged in the wholesale grocery business. About the year 1929 it organized a new company, the Inter-State Grocery Co., of Oklahoma, which began doing business at Perry, Oklahoma. The new company was incorporated under the laws of Oklahoma and petitioner subscribed and paid cash for $21,300 of its $25,000 of capital stock.

In 1934 the Oklahoma company was completely liquidated and petitioner sustained a loss on its stock of $12,059.74. In its income tax return for 1934 petitioner claimed the deduction of the full amount of the loss. The respondent has disallowed the deduction of all but $2,000 of the amount claimed on the ground that the loss is a capital loss on which the deduction is limited by section 117 of the Revenue Act of 1934.

The applicable provisions of the Revenue Act of 1934 are as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(f) LOSSES BY CORPORATIONS.—In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

\* \* \* \* \* \* \*

(j) CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117 (d).

SEC. 117. CAPITAL GAINS AND LOSSES.

(a) GENERAL RULE.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

100 per centum if the capital asset has been held for not more than 1 year;

80 per centum if the capital asset has been held for more than 1 year but not for more than 2 years;

60 per centum if the capital asset has been held for more than 2 years but not for more than 5 years;

40 per centum if the capital asset has been held for more than 5 years but not for more than 10 years;

30 per centum if the capital asset has been held for more than 10 years.

\* \* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. If a bank or trust company incorporated under the laws of the United States or of any State or Territory, a substantial part of whose business is the receipt of deposits, sells any bond, debenture, note, or certificate or other evidence of indebtedness issued by any corporation (includ-

ing one issued by a government or political subdivision thereof), with interest coupons or in registered form, any loss resulting from such sale (except such portion of the loss as does not exceed the amount, if any, by which the adjusted basis of such instrument exceeds the par or face value thereof) shall not be subject to the foregoing limitation and shall not be included in determining the applicability of such limitation to other losses.

In *White* v. *United States*, 305 U. S. 281; affirming *White* v. *United States*, 21 Fed. Supp. 361; and *Helvering* v. *Chester N. Weaver Co.*, 305 U. S. 293; reversing *Chester N. Weaver Co.* v. *Commissioner* (C. C. A., 9th Cir.), 97 Fed. (2d) 31, the Supreme Court held that the limitation imposed by section 101 of the Revenue Act of 1928 and section 23 (r) of the Revenue Act of 1932, which in all material respects correspond to section 117 (d) of the Revenue Act of 1934, applies to losses sustained by a stockholder on the liquidation of a corporation.

Petitioner makes the contention that corporations are excluded from the limitation on capital losses imposed by section 117 (d) and that under section 23 (f) corporations are entitled to the deduction of the full amount of all losses sustained in operations not compensated for by insurance or otherwise. It refers to subdivision (a) of section 117, which provides that in the case of a taxpayer "other than a corporation" certain percentages only of the gain or loss recognized on the sale of a capital asset, depending upon the number of years held, shall be taken into account in computing net income. From this it argues that section 117 was never intended to apply to corporations; that, since corporations are taxable upon the full amount of gain realized from the sale of capital assets regardless of the period for which the assets have been held, it must follow that the full amount of the loss is likewise deductible regardless of the length of time held.

It is quite apparent, however, that subdivisions (a) and (d) are entirely independent of each other. The second sentence of subdivision (d), "Limitation on Capital Losses", clearly shows that that subdivision is applicable to losses sustained by a corporation upon the sale of capital assets. If this were not so there would be no point in Congress specifically providing that in the case of certain banks or trust companies the limitation is not to be applied in respect of losses arising from the sale of bonds. We think it clear that subdivision (d) applies to all taxpayers, including corporations. The statute has been so construed by the respondent in article 117–2 of Regulations 86 and we think correctly so construed.

The determination of the respondent is sustained.

*Judgment will be entered for the respondent.*