## MARTIN GENERAL AGENCY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8747.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1939.

H. C. Belt, of Seattle, Wash., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Berryman Green, and Oliver W. Hammonds, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Review is sought of a decision of the Board of Tax Appeals which sustained a determination of respondent that there was a deficiency of $3,358.02 in income tax and a deficiency of $127.35 in excess profits tax paid by petitioner for the year 1934.

The question to be decided is whether, under §§ 23 and 117 of the Revenue Act of 1934, 48 Stat. 680, 688, 714, 26 U.S.C.A. §§ 23, 101, upon the liquidation of a corporation, a stockholder's loss from its investment in its stock is deductible in full, or whether the deduction should be limited to $2,000.

The petitioner is a corporation incorporated under the laws of the State of Washington, with its principal office in that state. On or about March 3, 1928, the petitioner acquired by purchase the majority of the capital stock of the Washington Insurance Agency and subsequently, during 1928, acquired additional stock until

its total holdings thereof were 94 percent. At a meeting of the stockholders and directors of the Washington Insurance Agency on December 17, 1934, liquidation was formally authorized and thereafter, in the same year, its assets were sold for cash and the proceeds distributed to the stockholders. The cost to the petitioner of its stock holdings in the Washington Insurance Agency was $32,187.55. It received from the above-mentioned liquidation the sum of $5,672.56. The actual loss sustained upon the capital stock, as derived by subtracting the amount received from the liquidation from the total cost of said capital stock, was $26,514.99. The Commissioner applied to these items the provisions of § 23(j) of the Revenue Act of 1934, and in accordance therewith, it not appearing that the petitioner had any capital net gains for the year 1934, limited the deduction on account of the loss sustained to the sum of $2,000. Accordingly, he determined the deficiencies sustained by the Board of Tax Appeals as stated above.

Section 23(f) provides that losses sustained by corporations during the taxable year shall be allowed as deductions in computing net income. However, subsection (j) of the same section declares: "Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117(d) [section 101 (d)]." By § 117(b) "capital assets" means "property held by the taxpayer * * *", and by subdivision (d) of the same section, it is provided that, "Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges."

Since the loss sustained by petitioner was not from the sale or exchange of the stock, it is contended that subsection (j) has no application and that the loss is deductible in full under subdivision (f) of section 23.

Whether § 23(j) applies is to be answered by deciding whether, under § 115(c), stockholders' losses upon a corporate liquidation are to be treated, for purposes of computation of the tax, in the same manner as losses upon a sale or exchange of the stock.

Section 115(c) provides: "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock * * *. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized

only to the extent provided in section 112. Despite the provisions of section 117(a), 100 per centum of the gain so recognized shall be taken into account in computing net income. * * * "

In two cases, White v. United States, 59 S.Ct. 179, 83 L.Ed. ——, and Helvering v. Chester N. Weaver Co., 59 S.Ct. 185, 83 L.Ed. ——, both decided December 5, 1938, the Supreme Court in construing the quoted section as it appeared in the Revenue Act of 1928 and 1932, respectively, has held that it placed stockholders' gains and losses from liquidations on the same basis as gains and losses from sales of stock. The cited cases are controlling here. The scheme of the 1934 Act, insofar as here pertinent, is similar to that of the 1928 and 1932 Acts. In the Act here under consideration, as in the earlier Acts, the ultimate reference from § 115(c) is to § 112, 26 U.S.C.A. § 112, for "recognition" of gain or loss on liquidation. And it is true as to the 1934 Act, likewise as to the 1928 and 1932 Acts, that since § 115 says that the gain or loss upon liquidation is to be "recognized" only to the extent to which gains or losses upon sales or exchanges of property are recognized by § 112, we must look to the general provisions of the Act, as supplemented, to learn what recognition is to be given to the gains and losses upon liquidation. Since the general provisions as incorporated in §§ 12, 22 and 23, 26 U.S.C.A. §§ 12, 22, 23 (as supplemented by § 117), make it evident that losses from sales or exchanges of capital assets are deductible only to a limited extent, it follows that the loss here involved is subject to the same restriction.

Support for the conclusion that § 115(c) of the 1934 Act puts losses on liquidation on the same basis as losses on sales is found in the fact that in 1934 Congress, to prevent avoidance of surtax through liquidation of corporations with large surpluses, amended the section to provide: "Despite the provisions of section 117(a), 100 per centum of the gain so recognized shall be taken into account in computing net income." See Helvering v. Chester N. Weaver Co., supra; House Report, No. 704, 73rd Cong., 2nd Sess. pp. 29–30.

Affirmed.

GARRECHT and HANEY, Circuit Judges (concurring in result).

The facts in this case are so nearly like those in the case of Chester N. Weaver Co. v. Commissioner, 9 Cir., 97 F.2d 31, that

upon the argument it was conceded that the determination of the case above referred to by the Supreme Court of the United States should be decisive of this case.

We are constrained to follow the decision of Helvering v. Chester N. Weaver Co., 59 S.Ct. 185, 83 L.Ed. ——, decided December 5, 1938, and, therefore, concur in the result arrived at in the foregoing opinion.