*Decisions will be entered under Rule 50.*

CENTURY ELECTRIC COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108667.    Promulgated February 18, 1944.

*Davis Haskin, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

### SUPPLEMENTAL OPINION.

TURNER, *Judge*: As originally presented, the only issue in this proceeding was whether, for the purpose of determining the surtax on its undistributed profits, the petitioner was entitled to certain credits under section 26 (c) (2) of the Revenue Act of 1936, because of a contract restricting the payment of dividends. On November 30, 1942, this Court entered its memorandum opinion deciding the issue against the petitioner, and on December 1, 1942, entered its decision pursuant to the memorandum opinion. Thereafter on December 31, 1942, petitioner filed motions to vacate the decision and for leave to amend its petition to allege that it had "a deficit in accumulated earnings and profits" as of December 31 of the years 1935 and 1936 and under section 26 (c) (3) of the Revenue Act of 1936, added as an amendment to section 26 of the said act by section 501 of the Revenue Act of 1942, was entitled to a credit against adjusted net income equal to the amount of such deficit. Section 26 (c) (3) having been inserted in the statute after the proceeding was submitted, the motions were granted, the decision previously entered was vacated, and the petition was amended as indicated. A hearing was had, at which all of the facts were submitted by written stipulation of the parties. Retrial of the issue previously decided was neither asked nor allowed and our conclusions thereon remain unchanged. Accordingly the only issue presented by the pleadings now remaining for determina-

298

tion is whether the petitioner is entitled to a credit under section 26 (c) (3).

The facts are found as stipulated.

In section 26 (c) (3), *supra*, it is provided that "a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year" is entitled to a credit in the amount of the deficit "if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936." From the above language, it is apparent that the credit in question is allowable only to "a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year," and then only if such corporation is prohibited by law or by an order of a public regulatory body from paying dividends during the existence of such deficit. If therefore the petitioner had no "deficit in accumulated earnings and profits" within the meaning of section 26 (c) (3) as of the close of the year preceding each of the taxable years, it is entitled to no credit under the said section and it becomes unnecessary to consider the various prohibitions appearing in the Missouri statutes against the payment of dividends.

According to its books petitioner had a credit balance in its surplus account at December 31, 1935, of $243,039.22. From March 1, 1913, to December 31, 1935, its net operating profits, less net operating losses for certain of the years, were $5,818,743.29. During the same period patents were written up in the net amount of $180,000, while net premiums on the sale of petitioner's stock amounted to $399,246.26. These items constituted all of the credits to surplus during the period from March 1, 1913, to December 31, 1935, and with the credit balance appearing in the surplus account at March 1, 1913, of $358,153.06, totaled $6,756,142.61. The credit balance in the surplus account at March 1, 1913, represented earnings and profits of $321,943.06, write-up of patents, $10,000, and premiums on the sale of capital stock, $27,110. The charges against surplus from March 1, 1913, to December 31, 1935, which left the credit balance at the latter date of $243,039.22, were cash dividends $3,252,142.65, stock dividends $3,161,597, and net charges through profit and loss $99,363.74, or a total of charges for the period of $6,513,103.39. At December 31, 1936, the credit balance shown in the surplus account was $421,866.90, the increase over the balance at December 31, 1935, being attributed to 1936 earnings. Dividends were paid in 1936 in the amount of $181,207, and in 1937 in the amount of $158,693.50.

It is the claim of the petitioner that when certain items are eliminated from the surplus account which do not represent earnings and profits and when proper charges against earnings and profits in re-

spect of other items are made, deficits "in accumulated earnings and profits" of $672,817.04 at December 31, 1935, and $481,489.36 at December 31. 1936, are indicated. The adjustments which petitioner claims should be made are the exclusion of $190.000 representing the net write-up of patents in prior years, and $426,356.26 representing premiums on the sale of its capital stock, and a charge which it is claimed must be made against earnings and profits in an amount equal to the par of its capital stock held as treasury stock at any given date. the amount of treasury stock at December 31, 1935, being $299,500, and at December 31, 1936, $287,000.

The parties agree on two points, namely, that net operating profits for the period from March 1, 1913, to December 31; 1935, amounted to $5,818.743.29, and that cash dividends paid during the period in the total amount of $3,252,142.65 are to be deducted in determining the amount of "accumulated earnings and profits" or the deficit therein, as the case may be. They are not in agreement, however, as to the effect of certain other of the above charges and credits. The largest of these is the item of stock dividends of the par value of $3,161,597. It is at once apparent that if the issuance of a stock dividend does not serve to reduce "accumulated earnings and profits" for the purpose of determining the credit under section 26 (c) (3), *supra*, the respondent must prevail, since in that case the petitioner had accumulated earnings and profits at both December 31, 1935, and December 31, 1936, ot at least $2.000.000, even though the adjustments claimed by the petitioner, as set forth in the preceding paragraph, be allowed. The answer is specifically stated, we think, in section 115 (h) of the Revenue Act of 1936, which provides as follows:

SEC. 115.   DISTRIBUTIONS BY CORPORATIONS.

\*         \*         \*         \*         \*         \*         \*

(h) EFFECT ON EARNINGS AND PROFITS OF DISTRIBUTIONS OF STOCK.—The distribution (whether before January 1, 1936, or on or after such date) to a distributee by or on behalf of a corporation of its stock or securities or stock or securities in another corporation shall not be considered a distribution of earnings or profits of any corporation—

(1) if no gain to such distributee from the receipt of such stock or securities was recognized by law, or

(2) if the distribution was not subject to tax in the hands of such distributee because it did not constitute income to him within the meaning of the Sixteenth Amendment to the Constitution or because exempt to him under section 115 (f) of the Revenue Act of 1934 or a corresponding provision of a prior Revenue Act. \*  \*  \*

The stock dividends paid were in common stock and on common stock, and, while some preferred stock apparently was outstanding when some of the stock dividends were paid, there is nothing in the record to support a claim that the new common shares conferred different rights or interests than did the old or that the old common

shares plus the new represented anything other than the same proportionate interest in the net assets of the corporation as did the old. We conclude therefore that the stock dividends here under consideration did not constitute income to the distributees within the meaning of the Sixteenth Amendment. *Eisner* v. *Macomber*, 252 U. S. 189, and *Koshland* v. *Helvering*, 298 U. S. 441. *Helvering* v. *Griffiths*, 318 U. S. 371, decided March 1, 1943, and cited by petitioner, does not hold otherwise. Such being the case, section 115 (h) (2), *supra*, is applicable, and for the purposes of the Federal revenue laws the said dividends did not effect a reduction of petitioner's earnings and profits. Furthermore, as to a portion of the said dividends, section 115 (h) (2) is applicable whether the dividends herein were of such character as to constitute income within the meaning of the Sixteenth Amendment or not. Beginning with section 201 (d) of the Revenue Act of 1921 and up to and including section 115 (f) of the Revenue Act of 1934, stock dividends were specifically exempted, and such was the state of the law when $2,321,113 of the dividends herein were paid. *Estate of Edward T. Bedford*, 1 T. C. 478, and *John K. Beretta*, 1 T. C. 86. See also *August Horrmann*, 34 B. T. A. 1178, and *F. J. Young Co.*, 35 B. T. A. 860.

The petitioner argues, however, that the existence of earnings and profits, for the purposes of section 26 (c) (3), *supra*, must be determined under state law, not Federal law; that under Missouri law the issuance of the stock dividends did by capitalization of earnings and profits effect a reduction thereof in an amount equal to the par value of the stock issued as dividends; and that, for the purposes here, a deficit in earnings and profits did exist. Section 115 (h) is a section of general, not limited, applicability. Its provisions are general and are to the effect that stock dividends of the character therein described do not serve to reduce the earnings and profits of any corporation. We must apply the statute as Congress has given it to us and, where stock dividends have been paid, we may not ignore the provisions of section 115 (h) in determining the existence of earnings and profits for the purpose of applying other sections of the statute. See *White* v. *United States*, 305 U. S. 281, and *Helvering* v. *Chester N. Weaver Co.*, 305 U. S. 293, affirming 35 B. T. A. 514. Compare *Mercantile Bridge Co.* 2 T. C. 166, wherein it was held that a prior distribution to stockholders impairing capital may not be offset against subsequent earnings and profits for the purpose of determining "a deficit in accumulated earnings and profits" for the purpose of section 26 (c) (3).

The petitioner had no deficit in accumulated earnings and profits at either December 31, 1935, or December 31, 1936, but, to the contrary, had accumulated earnings and profits in substantial amounts. It is unnecessary therefore to consider whether during the years in question it was prohibited by Missouri law from making a distribution of

a dividend. The claim for credit under section 26 (c) (3) is accordingly denied.

In its reply brief, and for the first time in this proceeding, the petitioner claims that it is entitled to a credit under section 26 (f) of the Revenue Act of 1936, added as an amendment to section 26 of the said act by section 501 of the Revenue Act of 1942. The pleadings raise no issue with respect to the petitioner's right to a credit under section 26 (f), and, since the credit provided by that section is in fact and in law an entirely different credit from that provided by section 26 (c) (3), no issue as to credit under section 26 (f) is properly before us. It may be stated, however, that the facts of record do not support the allowance of the claim, even if the issue had been properly raised. The applicability of section 26 (f) is dependent upon the existence of adjusted net income in excess of earnings and profits accumulated after February 28, 1913, up to the beginning of the taxable year, plus earnings and profits of the taxable year without diminution by reason of distributions made during the taxable year. In view of the conclusion above that the payment of stock dividends did not effect a distribution of earnings and profits, it is apparent from the facts that petitioner's earnings and profits accumulated after February 28, 1913, were greatly in excess of its adjusted net income for each of the taxable years and that section 26 (f) does not apply.

*Decision will be entered for the respondent.*