Chapman Price Steel Co. v. Commissioner.
Chapman Price Steel Co. v. Commissioner
Docket No. 613.
United States Tax Court
1943 Tax Ct. Memo LEXIS 125; 2 T.C.M. (CCH) 735; T.C.M. (RIA) 43411; September 7, 1943
*125 A. B. Arbaugh, Esq., and Loren E. Souers, Esq., 1200 Harter Bank Bldg., Canton, O., for the petitioner. Edward C. Adams, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1939 in the sum of $1,895.83. That part of the deficiency which is here in issue resulted from his determination that petitioner was not entitled to a dividends-paid credit under section 27 of the Internal Revenue Code for the reason given that there was no deficit in petitioner's accumulated earnings and profits as of the close of the taxable year 1938 within the meaning of section 27 (a) (3) of the Code. Other alleged errors were waived by petitioner at the time of the hearing herein. The parties have filed a stipulation of all the facts and we find them to be as stipulated. For an understanding of the question involved they may be stated briefly as follows: [The Facts] Petitioner is an Indiana corporation and filed its income tax return for the taxable year with the collector of internal revenue for the district of Indiana. Its books, kept on an accrual basis, showed a deficit in the *126 earned surplus account as of the close of the year 1938, the correct amount of which, as adjusted by respondent, was $136,192.18. This deficit was caused by the charge to this earned surplus account by petitioner of a stock dividend of $240,456, authorized and distributed on December 31, 1920. This dividend was declared and distributed in common stock and, at the time of its declaration and distribution, there was only common stock of the petitioner outstanding. Before the distribution of this dividend petitioner's earnings and profits accumulated after February 28, 1913, were in excess of $240,456. [Opinion] Respondent's contention is that the 1920 stock dividend was a distribution which was not taxable to petitioner's stockholders by virtue of the holding of the Supreme Court in Eisner v. Macomber, 252 U.S. 189, 64 L. Ed. 521, 40 S. Ct. 189, which held unconstitutional section 201 of the Revenue Act of 1916, which was, in all respects, similar to comparable section of the Revenue Act of 1920 in effect at the time of the declaration of the stock dividend here in question and which provided that "a dividend paid in stock of the corporation shall be considered income * * *127 *." Therefore, respondent argues that petitioner's accumulated earnings and profits were in no wise affected for tax purposes by the declaration of this non-taxable stock dividend; and that consequently petitioner's book deficit was not a deficit within the meaning of the taxing statutes which would afford petitioner relief under section 27 (a) (3) of the Internal Revenue Code. Petitioner agrees that the crucial question is whether the distribution of the stock dividend (together with subsequent operating losses) created a deficit in petitioner's earned surplus, but insists that under the peculiar wording of the Revenue Act of 1918 it was immaterial that the stock dividend was non-taxable to its stockholders pointing to section 201, subsections (a), (b), (c) and (d), as characterizing such a dividend as a distribution of earnings and profits. Petitioner then relies upon section 27, Revenue Act of 1938, which refers to "any deficit in the accumulated earnings and profits, as of the close of the preceding taxable year * * *", and which petitioner insists should not be limited by any consideration of whether the distribution causing the deficit was taxable or non-taxable. We consider *128 that petitioner's contention is foreclosed by our decision in Estate of Edward T. Bedford, 1 T.C. 478, in which we held that a stock dividend, tax-free under the rule of Eisner v. Macomber, did not serve to reduce corporate earnings and profits available for future distributions. It must follow that such a stock dividend can not be considered as causing or contributing to the cause of a deficit in corporate earnings and profits. Pursuant to the rationale of Estate of Edward T. Bedford, supra,
Decision will be entered for respondent.