F. W. HENNINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40690.   Promulgated January 19, 1931.

*Joseph M. Kennedy, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

OPINION.

MARQUETTE: It is the contention of the petitioner that at the beginning of the year 1924, each of the four corporations named in the findings of fact had a capital deficit, or impairment of capital, greater in amount than its earnings for 1924 and 1925; that, therefore, they had no accumulated earnings or profits available for the payment of dividends in those years, and that the distributions of which the petitioner received a part, and which constitute the receipts on which the deficiencies herein are predicated, represented a return of capital and not taxable income. Stated in another way, his contention is that the accumulated and current earnings of each of the corporations must first be applied to wipe out its deficit, or impairment of capital, before there can be any earnings available for the payment of dividends, even though the deficit, or impairment of capital, resulted from the making of distributions in prior years in amounts greater than the then accumulated earnings or profits.

The statute applicable here is section 201 (a) and (b) of the Revenue Act of 1924, which provides that:

SEC. 201. (a) The term "dividend" when used in this title (except in paragraph (9) of subdivision (a) of section 234 and paragraph (4) of subdivision (a) of section 245) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

(b) For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax,

after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 204.

The contention of the petitioner is not sound. To hold that before a corporation can have accumulated earnings or profits it must first make good an impairment, or reduction of capital caused by distributing to its stockholders amounts in excess of its prior earnings, would do violence to both the letter and spirit of the law, and would enable any corporation constantly to pay nontaxable dividends to its stockholders by the simple expedient of making distributions out of capital, subsequently restoring the capital from earnings, and repeating the process. In the instant case the corporations mentioned had their capital intact, except the part that had been returned to their stockholders through distributions in prior years, and at the time the distributions in question were made they also had earnings or profits accumulated since February 28, 1913.

It is our opinion that the distributions must be deemed to have been made from those earnings or profits to the extent thereof, and that they answer to that extent all the requirements of a " dividend."

The petitioner also urges that the respondent erred in adjusting and increasing the net income of the Kennywood Park Corporation for 1924 and 1925. However, in view of our holding above, it follows that, accepting the returns of the corporation as reflecting its true income for those years, its accumulated earnings or profits at the beginning of 1924 and its admitted income for 1924 and 1925 were ample for the payment of the distributions declared and made by it in 1924 and 1925. The contention of the petitioner, therefore, becomes immaterial and it need not be discussed.

Counsel for the respondent admitted at the hearing that the petitioner's income for 1924 as determined by the respondent and set forth in the deficiency letter should be reduced by $4,560, and adjustment will be made accordingly.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*