STANLEY M. BOLSTER, EXECUTOR, ESTATE OF MARGARET A. BRIGHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21223.   Promulgated May 20, 1931.

*Philip Nichols, Esq.*, and *J. A. Boyer, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

Smith: The petitioner has abandoned its contention with respect to the deficiency determined for the calendar year 1922.

The only question presented by this proceeding is what portion, if any, of the $140,945.60 distributed to the decedent, Margaret A.

Brigham, in 1923, by the Yuba Consolidated Gold Fields is taxable to her as dividends from the company in that year. The decedent reported taxable dividends of $35,236.50, while the respondent has determined that $46,286.54 is the amount of the taxable dividends. The petitioner contends that no part of the amount received was a taxable dividend, for the reason that the entire amount distributed in 1923 was from capital and that no part was from earnings made subsequent to March 1, 1913; that the current earnings of the company for 1923 should be used to offset additional allowances for depletion in prior years. The petitioner does not deny that the corporation's taxable net income for the period in question amounted to $315,264, the amount determined by the respondent, and that $46,286.54 of the net income is the amount allocable to decedent's shares.

The 1921 Revenue Act applicable to the present case contains the following provisions:

SEC. 201. .(a) That the term "dividend" * * * means any distribution made by a corporation to its shareholders * * * out of its earnings or profits accumulated since February 28, 1913 * * *

(b) For the purposes of this Act every distribution is made out of earnings and profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913 * * *

(c) Any distribution * * * made * * * otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

The petitioner contends for the proposition:

That when a corporation has a deficit, however created, in its capital or paid-in surplus account, the income of a subsequent year may be applied to restore the impaired capital or paid-in surplus, and, if such income is so applied and is subsequently distributed as a dividend in liquidation, such distribution will not be deemed a distribution out of accumulated earnings or profits and will not be taxable as income to the stockholders receiving the distribution.

The Yuba Consolidated Gold Fields had large net incomes for all of the years ended subsequent to March 1, 1913, including the calendar year 1923. Each year it distributed to its stockholders amounts greatly in excess of its taxable net income. The portion admittedly in excess of the taxable net income was treated as a return of capital and the stockholders were not required to pay income tax thereon. The respondent made an adjustment in the returns of the corporation from which it appeared that a larger proportion of the dividends paid in the years prior to the taxable

year was from capital account than the corporation had supposed to be the case. All that happened at the close of its fiscal year ended February 28, 1923, was that the corporation reduced its paid-in surplus by the amount of the adjustment which had been made by the respondent. Such adjustment in no way changed the taxable net income of the corporation for 1923 or the profits of 1923 included in the distributions to stockholders in that year. The facts here are similar to those in *F. W. Henninger*, 21 B. T. A. 1235, where we said:

It is the contention of the petitioner that at the beginning of the year 1924, each of the four corporations named in the findings of fact had a capital deficit, or impairment of capital, greater in amount than its earnings for 1924 and 1925; that, therefore, they had no accumulated earnings or profits available for the payment of dividends in those years, and that the distributions of which the petitioner received a part, and which constitute the receipts on which the deficiencies herein are predicated, represented a return of capital and not taxable income. Stated in another way, his contention is that the accumulated and current earnings of each of the corporations must first be applied to wipe out its deficit, or impairment of capital, before there can be any earnings available for the payment of dividends, even though the deficit, or impairment of capital, resulted from the making of distributions in prior years in amounts greater than the then accumulated earnings or profits.

\*    \*    \*    \*    \*    \*    \*

The contention of the petitioner is not sound. To hold that before a corporation can have accumulated earnings or profits it must first make good an impairment, or reduction of capital caused by distributing to its stockholders amounts in excess of its prior earnings, would do violence to both the letter and spirit of the law, and would enable any corporation constantly to pay nontaxable dividends to its stockholders by the simple expedient of making distributions out of capital, subsequently restoring the capital from earnings, and repeating the process. In the instant case the corporations mentioned had their capital intact, except the part that had been returned to their stockholders through distributions in prior years, and at the time the distributions in question were made they also had earnings or profits accumulated since February 28, 1913.

It is our opinion that the distributions must be deemed to have been made from those earnings or profits to the extent thereof, and that they answer to that extent all the requirements of a " dividend."

Our decision in the *Henninger* case is controlling in this proceeding.

The petitioner also relies upon the fact that the Yuba Consolidated Gold Fields specifically declared the first three dividends paid in 1923 as being in liquidation of capital assets of the company. A statement in a corporate resolution, however, that the dividend is declared out of paid-in surplus does not render it nontaxable. For Congress has plainly provided in section 201 (a) of the Revenue Act of 1921 that any distribution made by a corporation to its stockholders is a dividend to the extent of earnings or profits accumulated since February 28, 1913. See *Albert J. Gifford et al.*, 18 B. T. A. 795.

There appearing to be no error in the computation of the deficiency found by the respondent, his determination is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*