**GREAT LAKES COCO–COLA BOTTLING CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7789.

Circuit Court of Appeals, Seventh Circuit.

March 6, 1943.

John May, of New Orleans, La., and Ednyfed H. Williams, of Chicago, Ill., for petitioner.

J. P. Wenchel and John M. Morawski, Bureau of Internal Revenue, both of Washington, D. C., and Samuel O. Clark, Jr., Sewall Key, and Arthur A. Armstrong, Asst. Attys. Gen., for respondent.

Before SPARKS, KERNER and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

The taxpayer petitioned for review of a decision of the United States Tax Court denying its claim to a dividends paid credit in the amount of its adjusted net income for the year 1937 under § 27(f) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 838, relating to amounts distributed in liquidation.

There is no controversy as to the facts. The Tax Court stated them substantially as follows: In November 1937, the taxpayer, in pursuance of a plan of reorganization, transferred all its assets, including its earnings for the period from January 1, 1937, to a group of new corporations organized in Michigan, Ohio and Nevada, in exchange for the stock of the new corporations. It then distributed this stock in complete liquidation to its stockholders in exchange for their stock in the taxpayer, and was dissolved in December, 1937. Under the provisions of § 112(b) (4) and (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 855, these transactions constituted non-taxable reorganizations, and no gain or loss was recognized on them.

As of January 1, 1937, the taxpayer had a deficit of $36,988. For purposes of the computation of the surtax imposed by § 14 of the Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 823, the taxpayer's adjusted net income for the taxable year of 1937 was $195,262.

The sole question raised here is whether or not the taxpayer is entitled to a dividends paid credit in the full amount of its adjusted net income for the year because of its distribution of the stock of the new corporations to its own stockholders in liquidation.

Petitioner claimed the credit by virtue of § 27(f) of the Act of 1936 which provides: "In the case of amounts distributed in liquidation the part of such distribution which is properly chargeable to the earnings or

954

profits accumulated after February 28, 1913, shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid."

The Commissioner denied the credit, and the court sustained him by reason of the provision of § 115(h), 26 U.S.C.A. Int.Rev. Acts, page 870:

"The distribution (whether before January 1, 1936, or on or after such date) to a distributee by or on behalf of a corporation of its stock or securities or stock or securities in another corporation shall not be considered a distribution of earnings or profits of any corporation—

"(1) if no gain to such distributee from the receipt of such stock or securities was recognized by law, or

"(2) if the distribution was not subject to tax in the hands of such distributee because it did not constitute income to him within the meaning of the Sixteenth Amendment to the Constitution or· because exempt to him under section 115(f) of the Revenue Act of 1934 or a corresponding provision of a prior Revenue Act."

In reaching its conclusion, the Tax Court relied upon its own decision in the case of Reed Drug Co. v. Commissioner of Internal Revenue, 44 B.T.A. 573, since affirmed by the Court of Appeals for the Sixth Circuit, 130 F.2d 288. Petitioner here relies upon two cases decided by other Circuit Courts of Appeals which it asserts reached a different result as to similar states of facts. See Helvering, Comm'r, v. Credit Alliance Corp., 4 Cir., 122 F.2d 361, since affirmed, 316 U.S. 107, 62 S.Ct. 989, 86 L.Ed. 1307; Helvering, Comm'r, v. Kay Mfg. Co., 2 Cir., 122 F.2d 443.

The Credit Alliance case, supra, involved the right of a taxpayer which had distributed all its assets including cash and property constituting surplus earned after February 28, 1913, to its parent corporation and thereupon completely liquidated, to the dividends paid credit claimed by the taxpayer in the case at bar under the same statutory provision,—§ 27(f). There also the Commissioner asserted that the credit was barred by § 115(h), and also by § 27(h). The Supreme Court, in affirming the decision of the Board of Tax Appeals and

the Court of Appeals for the Fourth Circuit, held that § 27(f) clearly and unambiguously justified the deduction claimed, and that § 115(h) was totally irrelevant in view of the fact that the liquidating distribution was in property and not in stock or securities. It also held that § 27(h) [1] did not create an exception to the rule provided by § 27(f) for the reason that the two sections dealt with entirely different subjects, and, in effect, that they were mutually exclusive. The Kay case, supra, on which petitioner also relies, involved the same factual situation, namely, a distribution of all assets to the parent corporation in complete liquidation of the corporation which subsequently claimed the same deduction by reason of § 27(f).

The question is whether the ruling of the Supreme Court in the Credit Alliance case, that § 115(h) was inoperative to prevent application of § 27(f) permitting the credit claimed, is controlling in the case at bar. In view of the significant difference in the factual situation presented by the two cases, we are convinced that it does not support the claim of the taxpayer here. It must be noted that the transaction involved in the case before us, as well as in the Reed Drug Company case, supra, was a reorganization under the provisions of § 112(b) (4) and (3). This involved two steps: (1) An exchange of all property of the taxpayer for the stock of the new corporations; and (2) a distribution of the stock of the new corporations upon surrender of that of the taxpayer corporation to be liquidated. The Credit Alliance and Kay cases, on the other hand, involved distributions of the property of the liquidating corporations under the purview of § 112(b) (6). These represent two very different situations. In fact, regardless of the effect of § 115(h), if any, we question the applicability of § 27(f) to the distribution here involved, of stock preliminary to liquidation of one corporation a party to a reorganization.

■ Is stock distributed in liquidation an "amount distributed in liquidation," a part of which is properly chargeable to the earnings or profits accumulated after February 28, 1913? We think not. It goes without saying that there is a vast difference between the interest of a stockholder

[1] § 27(h). "Nontaxable Distributions. If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are. subject to taxa-

tion under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part."

represented by his stock in a corporation, and in the assets of a corporation; and the receipt of stock in a new corporation upon surrender of that in an old, preparatory to liquidation, is a very different thing from the receipt of a pro rata share of the assets of the liquidating corporation. Such stock entitles him to share in the earnings resulting from the use of the total assets of the corporation, including capital and accumulated surplus. It cannot be broken down in his hands to show which part represents capital and which is "properly chargeable to the earnings or profits accumulated after February 28, 1913." While it is true that the liquidating corporation distributes the only property it owns at that stage of the proceeding, namely, the stock of the successor corporation, the business enterprise continues pursuant to the plan, and the stockholder continues to be a stockholder, merely exchanging his stock in one corporation for that of another. We are convinced that this is not the distribution in liquidation contemplated by § 27(f) of the Act of 1936. Hence, regardless of the effect of the exchange of stock for stock with relation to other provisions of the Act, we are of the opinion that the taxpayer has not shown that it is within the purview of § 27(f). It is unnecessary for us to consider whether § 115(h) limits the effect of § 27(f), as the Commissioner contends, inasmuch as the taxpayer is not entitled to the credit under § 27(f) in any event. To that extent the decision of the Tax Court is correct and is affirmed.

A further issue appears from the record, arising from the amendment of the 1942 Revenue Act, Title V, § 501(a) (2) and (b), 26 U.S.C.A. Int.Rev.Acts, retroactively relieving those corporations which had been denied the credit allowed by § 26(c) of the 1936 Act, 26 U.S.C.A. Int.Rev. Acts, page 836, where they had been prohibited by law or the order of a public regulatory body from paying dividends during the existence of a deficit. The record shows that petitioner here had raised this question before the Board but had abandoned it prior to the Board's decision because of the decision of Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29, and Crane-Johnson Co. v. Helvering, 311 U.S. 54, 61 S.Ct. 114, 85 L.Ed. 35. The record further shows that petitioner sustained an operating loss of $36,988 as of January 1, 1937. Since petitioner has had no opportunity to show

whether it is entitled to the relief afforded by the amendment to the 1936 Act which, by legislation, nullifies the decisions referred to, we think the case must be remanded to the Tax Court for the purpose of permitting that court to determine whether or not petitioner is entitled to any relief under the Act as amended.

The decision of the Tax Court is reversed in part, and the cause remanded for further proceedings in conformity with this opinion.