MERCANTILE BRIDGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105138.   Promulgated June 18, 1943.

*Kinley J. Tener* (an officer), for the petitioner.
*J. Harrison Miller, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge:* This cause was remanded to this Court for a rehearing, limited to a consideration of the applicability of section 501 of the Revenue Act of 1942. Pursuant to such mandate. the matter was set for further hearing and was heard on February 17, 1943. The question now presented is whether or not the petitioner is entitled for 1936 and 1937 to credits as a deficit corporation, under section 501 of the Revenue Act of 1942. amending section 26 (c) (3) of the Revenue Act of 1936, and providing for a credit by the following language:

(3) DEFICIT CORPORATIONS.—In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936.

There is essentially no difference between the parties as to the facts. On brief the petitioner says, "There is no issue of fact in this case." The petitioner is a corporation organized in 1907, with a capital of $400.000. Prior to 1919 capital was intact. During the years 1919 to 1922, inclusive, capital was impaired by distribution to stock-

holders of $30,061.16 more than earnings and profits. Through 1923 to 1929 inclusive, earnings and profits, above dividends paid in those years, amounted to more than $30,061.16. During 1931 to 1934, inclusive. there was a total operating loss of $20,794.32. The corporate records, when corrected for a profit on bonds in 1935, showed in profit and loss a deficit of $24,632.51 on December 31, 1935, and a deficit of $22,373.70 on December 31. 1936. the figures being computed on the basis of the capital impairment being replaced out of subsequent earnings. Computed without such application of subsequent earnings to replacement of impaired capital, there were earnings accumulated on December 31, 1935, in the amount of $5,428.65, and on December 31, 1936, in the amount of $7.687.46.

Under the language of the section above quoted, the question is whether as of the close of the preceding taxable years, that is, as of the close of the years 1935 and 1936. the petitioner had a deficit "in accumulated earnings and profits." The respondent does not deny that the corporation "is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits." Our inquiry. therefore, is merely whether there was the requisite deficit in accumulated earnings and profits. The respondent contends, however, that: though a deficit appears in profit and loss on the books, it is not a deficit "in accumulated earnings and profits" within the purview of the statute because of the fact, not denied by the petitioner. that during the years 1919 to 1922, inclusive. a total of $30,061.16 was distributed from capital. The petitioner admits that the capital remained impaired in the taxable years. It contends, however. that the law of Pennsylvania requires the directors of the corporation to replace any distributions impairing capital from subsequent earnings before dividends can be lawfully paid; that until replacement is made no dividends can lawfully be paid; that it should be considered that later earnings replaced the impairments, reducing the earnings and profits to a deficit; and that the crucial question is, "Could the dividends be legally paid in 1936 and 1937?"

In our opinion, such is not the question before us. It is merely and plainly whether the deficit involved was "in accumulated earnings and profits," and, upon the record before us, we think that it was not. Had there been no distributions impairing capital, the earnings and profits would, without question. have been available in the taxable years. But the $30.061.16 was not distributed from earnings. but from the capital; therefore it did not diminish earnings or prevent the accumulation thereof. The mere subtraction of the amount of capital impairment from the accumulated earnings does not mean that they were not, in fact, accumulated, so far as not distributed. This situation, we think, is controlled by *F. W. Hen-*

*ninger*, 21 B. T. A. 1235. The petitioner there contended that accumulated and current earnings of a corporation must be applied to wipe out an impairment of capital before there were any earnings available for the payment of dividends, even though the capital impairment resulted from the making of distributions in prior years in amounts greater than then accumulated earnings or profits. The contention of the petitioner here is the same, for its view is that the capital impairments of the years 1919 to 1922 must be replaced out of subsequent earnings and profits, and that. when this is done, deficits within the intendment of the statute appear at the close of the years preceding the taxable years here involved. In the *Henninger* case, however, we said:

> The contention of the petitioner is not sound. To hold that before a corporation can have accumulated earnings or profits it must first make good an impairment, or reduction of capital caused by distributing to its stockholders amounts in excess of its prior earnings, would do violence to both the letter and spirit of the law, and would enable any corporation constantly to pay nontaxable dividends to its stockholders by the simple expedient of making distributions out of capital, subsequently restoring the capital from earnings, and repeating the process. * * *

We again approved the principle in *Stanley M. Bolster, Executor*, 23 B. T. A. 347. Cases cited by the petitioner as to illegality of dividends in the face of capital impairment do not control in this question.

We conclude and hold that the petitioner has not shown that there was a deficit in accumulated earnings and profits as of the close of the taxable years preceding those here involved and that the credit contended for may therefore not be allowed under section 501 of the Revenue Act of 1942.

> *Decision on the question of the applicability of section 501 of the Revenue Act of 1942 will be for the respondent.*