## GREAT LAKES COCA–COLA BOTTLING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8721.

Circuit Court of Appeals, Seventh Circuit.

Dec. 11, 1945.

Frank C. Leslie, of Atlanta, Ga., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Newton K. Fox, and Hilbert P. Zarky, Dept. of Justice, and J. P. Wenchel, Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This proceeding is before us for a second time on petition of the taxpayer for review of a decision of the Tax Court. On an earlier review (7 Cir., 133 F.2d 953), we affirmed the decision of that court denying the taxpayer a credit on its undistributed profits tax claimed by it under § 27 (f) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 837, pertaining to distributions in liquidation. Noting, however, that the parties had stipulated, and the court had found as a fact that the taxpayer had suffered an operating loss of $36,988 as of January 1, 1937, and that it had in its original petition for review by the Tax Court claimed a credit under § 26(c) (1) but had abandoned that claim after the decision by the Supreme Court of the cases of Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29, and Crane-Johnson Co. v. Helvering, 311 U.S. 54, 61 S.Ct. 114, 85 L.Ed. 35, we remanded the cause to the Tax Court in order to give the taxpayer an opportunity to show whether or not it was entitled to any credit by reason of the retroactively effective amendment of the 1936 Revenue Act by the Act of 1942, 26 U.S.C.A. Int.Rev.Acts permitting relief of deficit corporations under certain circumstances.

The amendment under which leave to seek the relief was granted by us provided for a credit for the corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year in the amount of such deficit, if the corporation were prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936. Revenue Act of 1942, Title V, § 501, 26 U.S.C.A. Int.Rev.Acts.

On remand from this court a new stipulation of facts was introduced, and the Tax Court rendered its decision on the basis of the facts therein contained. The taxpayer was incorporated in 1925, under the laws of Delaware, and dissolved in December, 1937. According to its certificate of incorporation the total authorized capital stock was $450,200, represented by 2,750 shares of 7% cumulative A preferred, 1,752 shares of 7% cumulative B preferred, both of the par value of $100, and 50,000 shares of common with no par value. As of January 1, 1936 the taxpayer had a deficit in accumulated earnings and profits for Federal income tax purposes of $71,586.90, and the dividends on both its issues of preferred stock were accumulated in considerable amount. In May 1936, the Articles of Incorporation were amended to provide for an increase of the capital stock to $600,200, by the conversion of its 50,000 shares of no par value common stock to the same number having a par value of one dollar a share, and the issuance of an additional 100,000 shares of the same par value, for such consideration as the Board of Directors should determine. On June 15, 1936, 50,000 shares were offered and sold to the original common stockholders for $15 a share, or a total of $750,000, $50,000 of which the Directors determined to be capital, and $700,000, surplus. The minutes of the meeting of the Board preceding all this action declared that it was the intention to utilize a portion of the proceeds of the sale of the new common in the redemption and retirement of all the preferred stock then outstanding, and to discharge all accumulated dividends up to July 1, 1936. This action was taken on that date, $419,710 being expended for retirement of the stock, and $276,811, for payment of the accumulated dividends. Thereafter, in November, 1937, pursuant to a plan of reorganization, taxpayer transferred all its assets including its earnings for the period from January 1,

1937, to a group of newly organized corporations, in exchange for their stock, and then distributed that stock in complete liquidation to its stockholders in exchange for its stock, and dissolved in December, 1937.

Taxpayer's earnings and profits for Federal income tax purposes for 1936 were $166,691.09, and for 1937, $227,200.46. Although the record in the earlier review of this proceeding showed a stipulation to the effect that taxpayer suffered an operating loss of $36,988, which fact led us to remand the cause to the Tax Court to afford it an opportunity to show whether or not it was entitled to relief as a deficit corporation, on the remand that stipulation was ignored by all the parties and a new stipulation as to this was entered into, conditional in part, as follows:

"Petitioner on January 1, 1936, had a deficit in accumulated earnings and profits for Federal income tax purposes in the amount of $71,586.90.

"If the $276,811.02 paid as cumulative dividends at the time of redemption of petitioner's preferred stock in 1936 * * * is considered for Federal income tax purposes to have been paid out of the earnings and profits of the entire taxable year 1936 to the extent of such profits, the petitioner's deficit in accumulated earnings and profits * * * on January 1, 1937, was $71,586.90.

"If said payment of cumulative dividends is considered * * * to have been paid out of paid-in surplus, the petitioner had no deficit in accumulated earnings and profits for Federal income tax purposes on January 1, 1937."

■ We fully agree with the Tax Court that the facts here shown do not sustain the taxpayer's burden of proving that it had a deficit in accumulated earnings and profits as of the close of the year 1936. Disregarding the misleading stipulation of

the fact of a $36,988 operating deficit as of January 1, 1937, agreed to by the parties, as contained in the record of the earlier review, as to which there is no explanation,[1] it is clear that the deficit, if any, arose as a result of the distributions during 1936 to the stockholders. In Regulations 94, as amended April 21, 1943, to conform to the 1942 amendment of the Revenue Act of 1936 (T.D. 5263, Cum.Bul.1943, p. 1003), it is ruled that a deficit in accumulated earnings and profits can arise only out of the operation of the business at a loss and cannot be caused by distribution to shareholders in excess of the amount of accumulated earnings and profits. See also Mercantile Bridge Co., 2 T.C. 166. We agree with the Tax Court that the stipulated deficit of $71,586 as of January 1, 1936, was wiped out by the $166,691 profits of 1936. Inasmuch as it appears from the record that the corporation, in selling new common stock to its stockholders contemplated the use of some of the proceeds of the sale for the purpose of paying up the accumulated dividends on its preferred, and retiring both issues thereof, we see no reason for holding that such accumulated dividends were paid from earnings and profits, thereby extinguishing the latter so far as this Act is concerned. We agree with the Tax Court that the taxpayer has not shown that it had a deficit in accumulated earnings and profits as of the close of the year preceding the taxable year.

■ We also agree with the Tax Court that the Delaware statute for the year 1935 governs the question of the statutory right of the corporation to declare dividends out of surplus under the facts here involved, and that there is nothing therein contained to prevent the taxpayer from paying the accumulated dividends from its paid-in surplus, as it did.

Decision affirmed.

---

[1] Referring to this, appellant who insists that we are bound by the finding of the original proceeding that there was an operating deficit, says merely that the record does not explain why that deficit was fixed by the parties at $36,988 on the first hearing, and at $71,586, on the second, but that it is fair to assume that the lower amount was fixed through some error in calculation or in applying a principle, which a further investigation of taxpayer's books disclosed. Appellee also says that the figure used in the new stipulation apparently corrects the erroneous figure used in the prior stipulation. The record in the earlier review is completely silent as to the evidentiary facts upon which the stipulation was based.