BERTRAM MEYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4951.   Promulgated December 20, 1946.

*Sydney A. Gutkin, Esq.*, for the petitioner.
*Jonas M. Smith, Esq.*, for the respondent.

#### OPINION.

LeMire, *Judge*: This proceeding is before us on mandate from the Circuit Court of Appeals for the Third Circuit.   In an opinion reported at 5 T. C. 165, we held that certain distributions, in the form of preferred stock redemptions, which the petitioner as sole stockholder received from the Bersel Realty Co. during the years 1938 to 1941, inclusive, were made at such time and in such manner as to be essentially equivalent to distributions of taxable dividends and were out of earnings or profits accumulated after February 28, 1913, within the meaning of section 115 (g) of the Internal Revenue Code.   On review the Circuit Court remanded the case to us for certain additional findings of fact and decision thereon.   The opinion of the Circuit Court reads in part as follows:

> The Tax Court, as we have said, concluded that the entire sum of $125,000 distributed by Bersel Realty Company to the taxpayer in 1938, 1939, 1940 and 1941 in redemption of preferred stock was taxable as dividends.   From what has been said it will be seen that this conclusion required for its support a finding either (a) that the redemptions of 1931, 1934 and 1935 [*sic*][1] were not essentially equivalent to the distribution of taxable dividends and therefore did not for tax purposes operate to distribute the earnings of that period, or (b) that the earnings accumulated after the last of those earlier redemptions together with the earnings of the years 1938, 1939, 1940 and 1941 were at least equal to the amounts distributed in redemption of preferred stock in the latter years. Since the Tax Court made neither finding its decision must be vacated and the case remanded for appropriate findings and decision.

A rehearing was had before this Court on September 24, 1946, at which additional evidence was adduced.   The following tabulation

---

[1] The parties have stipulated that the reference to the year 1935 is erroneous and that the year 1936 is the correct year.   Motion to correct the record accordingly was duly made and granted.

prepared from the books of the Bersel Realty Co. shows the accumulated earnings and profits, the current yearly earnings, the stock redemptions in each year, and the accumulated earnings adjusted to reflect the stock redemptions for the years 1931 to 1937, inclusive:

| Year | Accumulated earnings and profits as per books | Current earnings for year | Stock redemptions during year | Accumulated earnings and profits adjusted to reflect redemptions (balance) |
|---|---|---|---|---|
| 1-1-31 | $175,661.13 | | | $175,661.13 |
| 12-31-31 | 196,112.13 | $20,451.00 | $150,000.00 | 46,112.13 |
| 12-31-32 | 216,278.95 | 20,166.82 | | 66,278.95 |
| 12-31-33 | 225,498.72 | 9,219.77 | | 75,498.72 |
| 12-31-34 | 247,205.88 | 21,707.16 | 100,000.00 | *(2,794.12) |
| 12-31-35 | 289,211.00 | 42,005.12 | | 39,211,00 |
| 12-31-36 | 326,316.36 | 37,105.36 | 300,000.00 | (223,683.64) |
| 12-31-37 | 374,433.37 | 48,117.01 | | (175,566.63) |

*Parentheses denote deficit.

There were net earnings of $46,339.20 in 1938, $39,936.34 in 1939, $51,048.55 in 1940 and $60,304.04 in 1941. There were no stock redemptions in 1937. In 1938 there were stock redemptions of $50,000 and further redemptions of $25,000 in each of the years 1939, 1940, and 1941.

The earned surplus of $175,661.13 which the corporation had at the beginning of 1931, plus the earnings for 1931, 1932, 1933, and 1934, was $2,794.12 less than the total of the stock redemptions in 1931 and 1934. The further stock redemption of $300,000 in 1936 exceeded the earnings of 1935 and 1936 by $220,889.52 and resulted in an impairment of capital at January 1, 1937, of $223,683.64. That capital impairment was reduced by 1937 earnings to $175,566.63 at the close of that year and the beginning of the first taxable year 1938.

The stock redemptions of the prior years 1931, 1934, and 1936 constituted taxable dividends only to the extent of the accumulated earned surplus and current earnings available for dividend distributions in those years. To the extent that they exeeded the accumulated earned surplus and current earnings they were distributions of capital.

Thus, as to the first alternative finding suggested by the Circuit Court, we can not find:

* * * (a) that the redemptions of 1931, 1934 and 1936 were not essentially equivalent to the distribution of taxable dividends and therefore did not for tax purposes operate to distribute the earnings of that period. * * *

The Circuit Court's second suggested alternative finding is:

* * * (b) that the earnings accumulated after the last of those earlier redemptions together with the earnings of the years 1938, 1939, 1940 and 1941 were at least equal to the amounts distributed in redemption of preferred stock in the latter years. * * *

There were net earnings of $48,117.01 in 1937 and no stock redemptions in that year. In 1938 there were net earnings of $46,339.20 and a stock redemption of $50,000. In 1939, 1940, and 1941 there were net earnings, respectively, of $39,936.34, $51,048.55, and $60,304-.04, and $25,000 of stock redemptions in each of such years. It is therefore apparent, and we so find, that the earnings accumulated after the last of the earlier redemptions (which occurred in 1936), together with the earnings for the taxable years 1938 to 1941, inclusive, were more than equal to the amounts distributed in redemption of stock in the latter years.

The petitioner argues that there was a surplus deficit at January 1, 1938, of $175,566.63, due to the prior stock redemptions, which must have been restored out of subsequent earnings before there could have been any earnings available for dividends.

That argument is not in conformity with any opinion expressed by the Circuit Court and, moreover, it is contrary to the law. It has been repeatedly held that "deficits" resulting from stock redemptions over and above the earnings and profits, as distinguished from deficits resulting from operating losses, constitute an impairment of capital which does not have to be restored before there can be earnings available for dividend distributions. See *Van Norman Co.* v. *Welch* (C. C. A., 1st Cir.), 141 Fed. (2d) 99; *F. W. Henninger*, 21 B. T. A. 1235; *Stanley M. Bolster, Executor*, 23 B. T. A. 347; and *Mercantile Bridge Co.*, 2 T. C. 166.

In the *Van Norman Co.* case, *supra*, the court said:

* * * For tax purposes only impairments of capital caused by losses must be restored out of subsequent earnings before there can be accumulated earnings or profits available for dividends and "Of course, accumulated earnings or profits available for dividends are not to be diminished in order to restore an impairment or reduction of capital caused by distribution therefrom as distinguished from losses".

We hold, as in our prior opinion, that the amounts distributed to the petitioner in the taxable years 1938 to 1941, inclusive, in redemption of shares of preferred stock were made at such time and in such manner as to be essentially equivalent to distributions of taxable dividends.

*Decision will be entered for the respondent.*