LEHIGH STRUCTURAL STEEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102565. Promulgated May 6, 1941.

*Floyd F. Toomey, Esq.,* and *Clarence L. Turner, C. P. A.,* for the petitioner.

*Bernard D. Daniels, Esq.,* for the respondent.

## OPINION.

STERNHAGEN: The petitioner claims a credit for the amount set aside in the sinking fund for the purchase and retirement of its preferred stock. The Commissioner has disallowed the credit "because the instrument on which your claim for credit is based does not satisfy the conditions as prescribed in section 26 (c) (1), Revenue Act of 1936." [1] If the share be called a contract, the statute is liter-

---

[1] (c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION OF PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

ally met, for it is in writing, was executed in 1933, and contains a provision which prohibits the payment of dividends until after the required credit to the sinking fund. The question is whether such an application of the statute is consistent with its manifest purpose and intendment, for no other interpretation is permissible.

The legislative intent was primarily to tax corporate earnings to the shareholders; and any attempt to frustrate the tax through the nondistribution of earnings was to be futile. The method adopted was the levy of a surtax upon earnings, with credits for dividends paid and for earnings which the corporation was contractually prevented from distributing. Obviously, to recognize a voluntary restriction not imposed from outside would defeat the purpose. A charter importing a state statute expressly prohibiting dividends under certain circumstances is not within the statutory provision, despite the fact that it is a written contract with the state of its creation. It is not "a routine contract dealing with ordinary debts." *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46.

The preferred stock clause in the present case, although for some purposes a contract, has no better ground for recognition under the credit statute than the charter provision in the *Northwest Steel* case. It derives no greater strength from the fact that it is spread upon the share certificate, for this is but a reprint of the charter provision. For some purposes the charter is a contract with the shareholders; but the shareholders are in many respects the corporation itself, and in that conception the charter provisions are more constitutional than contractual. The present charter provision prescribes a method for liquidating the preferred shares out of earnings, cf. *May Hosiery Mills, Inc.*, 42 B. T. A. 646 (on review C. C. A., 4th Cir.); *Auto Interurban Co.*, 40 B. T. A. 161. A distribution of dividend to the common shareholders before setting aside the required sinking fund contribution would be a violation of the charter provision not in the sense of a contract but as one of the constitutional restraints of the corporation with regard to its shareholders. A charter provision that a corporation would use some or all of its income in the acquisition or construction of a plant, even though it were spread on the share certificates or stated in a written agreement with the shareholders, would not be ground for a credit. It would be an inhibition against distribution, but to regard it as a contract would defeat the plain purpose of the statute. There is no more virtue in a corporation's undertaking with its shareholders to retire their shares out of earnings than there is in its undertaking to use its earnings for acquiring a capital asset. Cf. *Alaska Sunset Mines, Inc.*, 44 B. T. A. 207.

The Commissioner's determination is sustained.

*Decision will be entered for the respondent.*