The American Gypsum Company v. Commissioner.
American Gypsum Co. v. Commissioner
Docket No. 106317.
United States Tax Court
1944 Tax Ct. Memo LEXIS 311; 3 T.C.M. (CCH) 286; T.C.M. (RIA) 44094; March 29, 1944
*311 John H. Watson, Jr., Esq., Robert W. Wheeler, Esq., and Oscar D. Stern, Esq., for the petitioner. W. W. Kerr, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent has determined a deficiency in income tax of petitioner of $15,676.08 for the calendar year 1936, of which $15,080.87 is in controversy. The disputed tax was determined by respondent as surtax on undistributed profits. Petitioner contends that it is (a) entitled under section 26 (c) (1) of the Revenue Act of 1936 to a credit in the full amount of its adjusted net income for that year and/or (b) that it is entitled under section 501 of the Revenue Act of 1942 to a "deficit credit" in excess of such adjusted net income. [The Facts] The facts are stipulated and are so found. Petitioner is an Ohio corporation organized in 1904. Its return for the taxable year in question was filed with the collector of internal revenue for the 10th district of Ohio. Prior to and throughout the year 1936 the certificates evidencing petitioner's outstanding shares of common and preferred stock and its articles of incorporation carried the specific provision that its preferred stock was entitled to cumulative dividends *312 at seven per cent per annum payable out of earnings or surplus, and that no dividends were payable on the common stock in any year unless and until a dividend on the preferred was paid together with all accumulated and unpaid dividends thereon. At the close of 1936 no dividends had been paid on petitioner's preferred or common stock since 1930. Petitioner in 1923 declared a $400,000 dividend in preferred stock upon its common stock. Under existing law this stock dividend was not taxable in the hands of the recipients. Upon the declaration of this dividend $400,000 was transferred from surplus to stated capital. At the close of the years 1935 and 1936 petitioner's surplus account, if effect be given to that transfer of $400,000 of surplus to capital, had deficits of $220,239.22 and $163,287.96, respectively. If this transfer to capital be restored to surplus for the purpose of determining existing surplus it would result in a balance in surplus of $236,712.04 at the close of 1936 instead of a deficit. Petitioner in the taxable year had an "adjusted net income" of $73,565.23. Petitioner contends that under section 26 (c) (1) of the Revenue Act of 1936 it is entitled to a credit in *313 the sum of $73,565.23, the amount of its "adjusted net income" for 1936, for the reason that it was precluded from paying a dividend by reason of certain provisions of written contracts executed prior to May 1, 1936. The "written contracts" relied upon are petitioner's shares of common and preferred stock and its articles of incorporation. The provision therein to which it points is that restricting the payment of dividends. Respondent takes the broad position that under Helvering v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, the rule is fixed that stock certificates and articles of incorporation, although they may be in a technical sense contracts, are not the character of contract contemplated by section 26 (c) (1), supra, and in no case will they support a credit thereunder. In this position respondent is supported by certain of the decided cases. Bishop & Babcock Manufacturing Co., 45 B.T.A. 776; affd., 131 Fed. (2d) 222, later reversed for reconsideration under section 501 of the Revenue Act of 1942; Crane-Johnson Co. v. Commissioner, 105 Fed. (2d) 740; *314 Warren Telephone Co. v. Commissioner, 128 Fed. (2d) 503; Lehigh Structural Steel Co., 44 B.T.A. 422, reversed, Lehigh Structural Steel Co. v. Commissioner, 127 Fed. (2d) 67; and Metal Specialty Co. v. Commissioner, 128 Fed. (2d) 259. Petitioner contends that the cited cases misconstrue the opinion of the Supreme Court in Northwest Steel Rolling Mills, Inc., supra. It is argued that this opinion merely holds that where the provisions of the stock certificate or articles of incorporation do not in themselves constitute the prohibition but recourse must be had to a statutory provision, the prohibition is statutory and not contractual and consequently can not base a claim for credit under section 26 (c) (1), supra. In this construction of the cited opinion petitioner is supported by the United States Court of Appeals for the Third Circuit in its opinion in Lehigh Structural Steel Co., supra, and Budd International Corporation v. Commissioner, 143 Fed. (2d) 784. However, assuming petitioner *315 be correct in this position, it is not benefited here. The provisions of the stock certificates and articles of incorporation did not per se prohibit payments of dividends under the facts existing in the taxable year. Both the certificates and charter permit the payment of dividends from earnings and petitioner in the taxable year unquestionably had earnings. The bar to its right to distribute these in dividends upon its preferred stock was by reason of section 8623-38, General Corporation Act of Ohio, permitting payment of dividends by a corporation only from "the aggregate of its assets less the deductions hereinafter required over the aggregate of its liabilities plus stated capital." It will thus be seen that the prohibition here was statutory and not contractual. Consequently it is not the basis for a credit under section 26 (c) (1), supra. Helvering v. Northwest Steel Rolling Mills, Inc., supra. Petitioner's second contention is that it is entitled to a "deficit credit" in the sum of $220,239.22, under section 501 of the Revenue Act of 1942, amending section 26 (c) of the Revenue Act of 1936, to provide "Additional Credits for Undistributed *316 Profits Tax." The pertinent subsection reads: "(3) Deficit Corporations. - In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936." The facts here are parallel with those in the recent case of Century Electric Co., 3 T.C. 297. Following our decision there and upon its authority. Decision will be entered for the respondent.