KAMIN CHEVROLET COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 371. Promulgated July 10, 1944.

*Harry W. Kamin, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

**OPINION.**

SMITH, *Judge*: The first question presented is whether the respondent correctly treated the excess profits tax return filed by the petitioner for 1940 as a return for the 6-month period ended June 30 rather than one for the calendar year. The petitioner submits that since it was in existence for the entire calendar year 1940 it was required to file a return covering the entire calendar year and that the respondent was in error in treating the return filed as one for only a fractional part of the year.

Section 48 of the Internal Revenue Code defines a taxable year as meaning:

\* \* \* the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. "Taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this chapter or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made.

Section 711 (a) of the code, added by section 201 of the Second Revenue Act of 1940, and paragraph (3) of that subdivision, as amended by section 213 of the Revenue Act of 1942, read in material part as follows:

(a) TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1939.—The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13 (a) (2), for such year except that the following adjustments shall be made:

\*      \*      \*      \*      \*      \*      \*

(3) TAXABLE YEAR LESS THAN TWELVE MONTHS.—

(A) GENERAL RULE.—If the taxable year is a period of less than twelve months the excess profits net income for such taxable year (referred to in this paragraph as the "short taxable year") shall be placed on an annual basis by multiplying the amount thereof by the number of days in the twelve months ending with the close of the short taxable year and dividing by the number of days in the short taxable year. The tax shall be such part of the tax computed on such annual basis as the number of days in the short taxable year is of the number of days in the twelve months ending with the close of the short taxable year.

(B) EXCEPTION.—If the taxpayer establishes its adjusted excess profits net income for the period of twelve months beginning with the first day of the short taxable year, computed as if such twelve-month period were a taxable year, under the law applicable to the short taxable year, and using the credits applicable in determining the adjusted excess profits net income for such short taxable year, then the tax for the short taxable year shall be reduced to an amount which is such part of the tax computed on such adjusted excess profits net income so established as the excess profits net income for the short taxable year is of the excess profits net income for such twelve-month period. The taxpayer (other than a taxpayer to which the next sentence applies) shall compute the tax and file its return without the application of this subparagraph. If, prior to one year from the date of the beginning of the short taxable year, the taxpayer has disposed of substantially all its assets, in lieu of the twelve-month period provided in the preceding provisions of this subparagraph, the twelve-month period ending with the close of the short taxable year shall be used. For the purposes of this subparagraph, the excess profits net income for the short taxable year shall not be placed on an annual basis as provided in subparagraph (A), and the excess profits net income for the twelve-month period used shall in no case be considered less than the excess profits net income for the short taxable year. The benefits of this subparagraph shall not be allowed unless the taxpayer, at such time as regulations prescribed hereunder require, makes application therefor in accordance with such regulations, and such application, in case the return was filed without regard to this subparagraph, shall be considered a claim for credit or refund. The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary for the application of this subparagraph.

Section 213 (b) of the Revenue Act of 1942 provides that the above amendments "shall be applicable to taxable years beginning after December 31, 1939."

In support of his determination that the excess profits tax return filed by the petitioner for the calendar year 1940 is·a return for the six-month period ended June 30 the respondent cites section 35.711 (a)–4 of Regulations 112, in which it is stated:

* * * A short taxable year is any taxable period of less than 12 months. If the period from the date of incorporation of a corporation to the end of its first accounting period, or the period from the beginning of its last accounting period to the date it ceases operations and is dissolved, retaining no assets, is a period of less than 12 months, such period is a short taxable year. * * *

In G. C. M. 23064; C. B. 1942–1, p. 140, it is stated:

In the instant case the facts show that the corporation was dissolved on June 30, 1940, and retained no assets whatever. Under such circumstances, this office cannot distinguish, in so far as present inquiry is concerned, between the case of a new corporation and one which has completely dissolved.

This Office is of the opinion, therefore, that the excess profits tax return filed by the M Company covering the period January 1, 1940, to June 30, 1940, as of which date the taxpayer corporation ceased operations and dissolved, the corporation retaining no assets, is a return for a period of six months; and that under the provisions of section 711 (a) 3 of the Internal Revenue Code, supra, the excess profits net income should be placed on an annual basis. To hold otherwise would mean that against the six-months' income there would be allowed an excess profits credit based on an average base period net income involving 12 months.

The entire contention of the petitioner in this case rests upon the tenuous ground that it did not surrender its charter at the time that it was completely liquidated on June 30, 1940. It claims that since under the laws of the Commonwealth of Pennsylvania it had a legal existence throughout the calendar year 1940, its return correctly covered the entire calendar year. It therefore argues that the respondent was in error in determining its excess profits net income for the year 1940 in accordance with the provisions of section 711 (a) (3) (A) of the Internal Revenue Code.

It may be conceded that technically the petitioner had a legal existence for the entire calendar year 1940. Under the laws of the Commonwealth of Pennsylvania a corporation's charter is not canceled by a complete liquidation of the corporation. Some action must be taken either by the corporate officers or by the proper state authorities for the cancellation of the charter before the corporate existence ceases.

It does not follow from this that a corporation may not be dissolved for the purpose of the income and excess profits tax prior to the date that its charter is canceled. There may be a *de facto* dissolution even though there is no *de jure* dissolution. There can be no doubt that upon the stipulated facts there was a *de facto* dissolution of the petitioner corporation on June 30, 1940. Thereafter the corporation had no capital, no income, and no expenses. It was a mere empty shell.

There appears to us to be no basis for the petitioner's contention. The excess profits tax credit is based on an average base period net income of 12 months. The scheme of the statute does not require a modification of the excess profits credit in the case of a return filed for a period of less than 12 months, but requires that the net income to which the excess profits credit is applicable shall be determined for a period of 12 months in the manner provided by the statute. We think it clear that it was the intention of Congress to apply the excess profits credit for a 12-month period against the net income of a 12-month period. See *General Aniline & Film Corporation*, 3 T. C. 1070. Consequently, we think, the income of a corporation which has completely liquidated during a taxable year must be placed on an annual basis.

In *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84, it is stated:

* * * The intention of the lawmaker controls in the construction of taxing acts as it does in the construction of other statutes, and that intention is to be ascertained, not by taking the word or clause in question from its setting and viewing it apart, but by considering it in connection with the context, the general purposes of the statute in which it is found, the occasion and circumstances of its use, and other appropriate tests for the ascertainment of the legislative will. * * *

See also *Helvering* v. *Weaver Co.*, 305 U. S. 293.

We are of the opinion that the respondent did not err in treating the petitioner's excess profits tax return filed for the year 1940 as a return for the period January 1 to June 30, 1940.

The petitioner makes no contention that section 711 (a) (3) (B) of the code applies to it.

The petitioner further alleges that the respondent erred in deducting from its excess profits tax credit the amount of $754.10 representing 6 percent of the net capital reduction effected on June 30, 1940. This deduction was made in accordance with the respondent's interpretation of section 713 of the code, which, so far as material, provides as follows:

SEC. 713. EXCESS PROFITS CREDIT—BASED ON INCOME.

(a) AMOUNT OF EXCESS PROFITS CREDIT.—The excess profits credit for any taxable year, computed under this section, shall be—
  (1) DOMESTIC CORPORATIONS.—In the case of a domestic corporation—

*    *    *    *    *    *    *

  (C) Minus 6 per centum of the net capital reduction as defined in subsection (g).

*    *    *    *    *    *    *

(g) ADJUSTMENTS IN EXCESS PROFITS CREDIT OF ACCOUNT OF CAPITAL CHANGES.—For the purposes of this section—

*    *    *    *    *    *    *

(2) The net capital reduction for the taxable year shall be the excess, divided by the number of days in the taxable year, of the aggregate of the daily capital reduction for each day of the taxable year over the aggregate of the daily capital addition for each day of the taxable year.

We think that this contention of the petitioner must be sustained. The 12-month period with which we are dealing is not the calendar year 1940, but a 12-month period ended on June 30, 1940. The last sentence of section 711 (a) (3) (A) of the code provides:

*  *  *  The tax shall be such part of the tax computed on such annual basis as the number of days in the short taxable year is of the number of days in the twelve months *ending with the close of the short taxable year.* [Emphasis supplied.]

The petitioner's short taxable year ended on June 30, 1940. There was no reduction in the petitioner's capital investment prior to June 30, 1940. The capital reduction came at the time the petitioner corporation was completely liquidated on that date—not prior thereto. Therefore, there is no occasion for a reduction in the excess profits tax credit to which the petitioner is entitled.

Reviewed by the Court.

*Decision will be entered under Rule 50.*