Union Bus Terminal, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 15967. Promulgated February 16, 1949.

*Robert A. Littleton, Esq.,* for the petitioner.
*James L. Backstrom, Esq.,* for the respondent.

OPINION.

HILL, *Judge*: The sole question before us is whether petitioner's excess profits net income should be computed on the basis of a short taxable year beginning May 1, 1943, and ending July 31, 1943, in accordance with section 711 (a) (3) (A) of the Internal Revenue Code, as respondent contends, or whether such income should be computed on the basis of petitioner's full fiscal year ending April 30, 1944, as petitioner contends. The question we have here was, we think, correctly decided by, the United States Court of Appeals for the Fifth Circuit in *United States* v. *Kingman*, 170 Fed. (2d) 408. The facts there were essentially parallel to the facts here. On the basis of the decision in that case and in conformance with our own conviction, we sustain petitioner's contention.

In the *Kingman* case, as here, the taxpayer was of small capital and its shares were closely held. Similar to the situation in the case before us, the corporation taxpayer in that case was not dissolved during the taxable year. In the instant proceeding the plan of dissolution was not adopted by petitioner's stockholder until January 7, 1946, and it was not formally dissolved until July 9, 1946. The taxpayer corporation there, as petitioner here, distributed before the end of its taxable year certain of its assets to its then sole stockholder, but it retained on its books during the taxable year assets in the form of "* * * claims to United States bonds and tax refunds." In the case before us petitioner retained assets in the form of an account receivable and an excess profits postwar refund bond. In both cases the taxpayer corporation did not conduct any business after the dis-

tribution of certain assets to their respective sole stockholders, which date in the *Kingman* case was April 3, 1943, and in the instant case was August 1, 1943. See *Kingman Distributing Co.* v. *United States*, —— Fed. Supp. —— (May 13, 1948). In the *Kingman* case the respondent determined that the taxpayer's income should be computed under section 711 (a) (3) for a short taxable year beginning January 1, 1943, and ending April 30, 1943, whereas in the present case the respondent determined that petitioner's income should be so computed for a taxable year beginning May 1, 1943, and ending July 31, 1943.

In the *Kingman* case, *supra*, the court stated:

It is too plain for discussion that a corporation's taxable year covers twelve months if it remains in existence, and that it does not under [the Commissioner's Regulations 111, sec. 29.52–1, and Regulations 112, sec. 35.711. (a) (4)] go out of existence unless it ceases business, dissolves and retains no valuable claims on which it may sue after dissolution. * * * Under both quoted regulations covering both kinds of taxes the taxable year of this corporation was not a short taxable year but one of twelve months, for the corporation continued in existence and did not dissolve, and retained valuable claims to United States bonds and tax refunds. Its returns were correctly made on a twelve months basis. The argument of appellant that as the income ceased after three months of the year the credits ought to be proportionately cut down is a reasonable one, and might prevail if we were making the law. Congress and the Commissioner made the law and they have so made it that "annualization", under Section 711 (a) (3) which applies only to short taxable years, does not, under their definition of a short taxable year, apply here.

To support his contention respondent cites three cases, *Kamin Chevrolet Co.*, 3 T. C. 1076; *Pepsi Cola Co.* v. *Commissioner*, 155 Fed. (2d) 921; *Economy Savings & Loan Co.* v. *Commissioner*, 158 Fed. (2d) 472. The first two cases involve taxpayers who were liquidated and dissolved during the taxable year. In *Kamin* the corporation had completely liquidated during the year there involved, but did not in that year surrender its corporate charter; in *Pepsi Cola Co.* the taxpayer corporation had dissolved during the taxable year by means of a merger with another corporation. *Economy Savings & Loan Co.* is so remote to the situation here that it has no application. These cases, therefore, are not controlling.

In view of the above, we hold that petitioner is entitled to compute its excess profits net income on a 12-month basis. It follows that respondent erred in his determination.

Reviewed by the Court.

*Decision will be entered under Rule 50.*